PALMA v. TOWN OF NORTH HEMPSTEAD.

HOFFMAN v. SAME.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. PLEADING ☞238—AMENDED COMPLAINT—ORDER REQUIRING DEFENDANT TO ACCEPT.

Where there was a demurrer to the original complaint, and an order was made requiring plaintiff, within 20 days, to serve further an amended complaint making certain allegations more definite and certain, and separately stating and numbering the causes of action embraced in the complaint, not appealed from, an order granting a motion that defendant be required to accept a further amended complaint, served after default, and not conforming to the order requiring it to be served, was inadvertent, since plaintiff could not as a matter of right require his amended complaints to be accepted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. ☞238.]

2. PLEADING ☞238—BILL OF PARTICULARS—DEFAULT—MOTION TO OPEN.

Such motion should have been treated as a motion to open a default, under which plaintiff should show some reasonable excuse for the default and present amended complaints conforming to the requirements of the court's order therefor.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. ☞238.]

Appeals from Special Term, New York County.

See, also, 156 N. Y. Supp. 469.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Erastus J. Parsons, of New York City, for appellant.

L. F. Fish, of New York City, for respondents.

SCOTT, J. The questions raised by the appeals in these cases are identical, and may conveniently be considered together. The actions are for damages for injuries suffered by the plaintiffs, because an automobile in which they were riding ran into a fence, which, as it is said, had been built across a highway in the town of Hempstead. Relief is demanded both on the grounds of nuisance and of negligence.

The original complaint was demurred to, and an amended complaint was served. On May 6, 1915, an order was made by Mr. Justice

Weeks requiring plaintiff to serve, within 20 days, further amended complaints making certain allegations more definite and certain, and separately stating and numbering the causes of action embraced in the complaint. This order was not appealed from, and is not brought up for review. It was quite specific in its provisions as to what the amended complaints should contain. The time for its service expired on June 1, 1915. On May 29th plaintiff applied to defendants' attorney for further time to serve the amended complaints. Defendant, as a condition of granting the extension of time, insisted on certain concessions respecting costs which plaintiffs refused to agree to, and consequently no extension of time was granted. Thus plaintiffs became in default. On June 3d plaintiffs served further amended complaints, which were promptly returned on the ground that plaintiffs were in default, and the further ground that the complaints served did not comply with the requirements of the order of May 6th, made by Mr. Justice Weeks. On July 7th plaintiffs moved that defendant be required to accept the further amended complaints, and this motion was granted without terms.

It is from the order granting this motion that the present appeal is taken. In our opinion these orders were inadvertently made. Plaintiffs were not in a position to ask, as matter of right, that their complaints be accepted, and their motion should be regarded and have been treated as one to open a default. So considered no sufficient excuse was presented for wholly overlooking the default, and terms should have been imposed as a condition for granting the motion.

There is, however, a much more serious consideration, which should have led to the denial of the motion. The further amended complaints attempted to be served conform in scarcely any particular to the order of May 6th, which required them to be served. The plaintiffs' way out of the position in which they find themselves is to move to open their default, showing some reasonable excuse, and to present amended complaints conforming to the requirements of the said order of May 6, 1915.

The order appealed from is, in each case, reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.