" DELIA KIRSTEIN ", Petitioner,* v. " MARTIN KIRSTEIN ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Kings County, October 31, 1945.

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details in consonance with the spirit of section 52 of the New York City Domestic Relations Court Act (L. 1933, ch. 482).

Ignatius M. Wilkinson, Corporation Counsel (Benjamin Rosen of counsel), for petitioner.

Philip Morgenstein for respondent.

SICHER, J. This proceeding was initiated on April 18, 1935, and has been the subject of numerous hearings, largely occasioned by respondent's faint sense of his support obligations.

Collateral to such proceeding is also a neglected child proceeding in the Kings County Children's Court Division which eventuated in an award of custody of the child (" Sarah ") to the mother on November 15, 1940, under court supervision and a termination of such supervision on March 18, 1941, upon a showing that " Sarah " was then happier and better adjusted than while living with both parents in the paternal grandparents' home.

On December 2, 1942, the Family Court proceeding was " Reserved Generally " because of respondent's induction into the United States Army, from which he was discharged on March 25, 1943, " to accept employment in an essential industry " (being then over thirty-eight years of age). Thereupon, on May 5, 1943, was entered a temporary order of $7 a week for the support of the child; on July 22, 1943, there was substituted a permanent order of $8 a week (based on respondent's summer job of $50 a month plus room and board); and that amount was on January 2, 1945, ordered to be increased to $10.50 a week (based on net earnings of $30 a week).

On October 16, 1945, arrears of $39.50 had accrued under the order last mentioned.

At a hearing that day respondent attended with an attorney and questioned the continued jurisdiction of this court to require respondent to contribute toward his child's support now that she and the mother had been in Miami, Florida, since about July 5, 1945, and respondent had received from the Circuit Court of Dade County, Florida, notice of the institution there of an action for divorce predicated on the mother's having acquired a domicile in Florida.

From those facts it does not necessarily follow that the mother intends to keep the child permanently in Florida, even assuming that she will prosecute the Florida divorce action to a final decree. This court will take judicial notice of the fact that many a Florida sojourn by an erstwhile resident of New York terminates soon after procurement of a Florida divorce decree (see " *Kurski* " v. " *Kurski* ", 185 Misc. 97, and cases therein cited). And *Wagner* v. *Wagner* (257 App. Div. 307) is square authority for exercise of this court's discretionary power to hold that respondent's application is premature. When and if the child be not returned to the State of New York within a reasonable time (say May 1, 1946), the application may be renewed, upon proper proof, for a then determination of the precise question, expressly reserved in *Wagner* v. *Wagner* (*supra,* p. 308) " whether the right to continue an order such as was made here would exist when the persons benefited reside *permanently* without the State." (Italics supplied.) (Cf. *Caplan* v. *Caplan,* 177 Misc. 847, and *Urdaneta* v. *Urdaneta,* 44 N. Y. S. 2d 142.)

Meanwhile, this court's jurisdiction is hereby adjudged not to have been ousted by the child's absence from the State shown at the October 16, 1945, hearing.

Moreover, it seems doubtful that the above-quoted dictum in *Wagner* v. *Wagner* (*supra*) foreshadows an ultimate rule that a father residing and domiciled in New York City is freed of his common-law and statutory obligation for support of his minor child merely because such child is not in the State of New York. Counsel has been unable to cite any decision indicating that such deep-rooted duty of support is conditioned as a matter of law on a reciprocal opportunity for visitation. And paragraph (a) of subdivision 1 of section 103 of the New York City Domestic Relations Court Act▌ expressly provides for an order of support against a husband or father who resides or is domiciled in the city of New York when the petition for support is filed, regardless of the residence or domicile of petitioner (see *Kemp* v. *Kemp,* 172 Misc. 738; *Kurtz* v. *Kurtz,* 51 N. Y. S. 2d 581, 585, 586, 587; cf. *Matter of Orlins* v. *Orlins,* 159 Misc. 202).

*Fenelle* v. *Fenelle* (183 Misc. 123) presented the essentially different situation of a respondent who had removed to another State after the entry of the support order and of a petitioner wife who had been a resident of that State, and not a resident

of the city of New York, at, and continuously since, the time of filing of the petition.

In any event, the facts presented on the October 16, 1945, hearing are inadequate to constitute ground for now releasing respondent from the duty of contributing to the support of his child.

In the light of the entire case record in the Family Court and the Children's Court, the present technical atack upon jurisdiction is unpersuasive.

Accordingly, respondent's objection to the jurisdiction is hereby overruled; and another hearing is scheduled for November 13, 1945, before the justice then sitting, to determine (1) what payments ought to be made out of unemployment insurance benefits collected or to be collected by respondent, (2) his efforts to procure another job and (3) such disposition of arrears, and such temporary modification or suspension, if any, of the January 2, 1945, order as may be consistent with respondent's current circumstances.

Notice shall be given to the parties pursuant to the subjoined direction.