FANNIE E. HANSEN, Petitioner, *v.* WILLIAM J. HANSEN,
Respondent.

Children's Court, Dutchess County, January 19, 1955.

*Alexander Goldberg* for respondent appearing specially.

No appearance for petitioner.

SCHWARTZ, J. This is a proceeding instituted by the wife of the respondent in the Domestic Relations Court of the City of New York, pursuant to the New York Uniform Support of Dependents Law, constituting chapter 807 of the Laws of 1949.

The papers were forwarded pursuant to section 6 of said law, this being the county where the respondent is domiciled and he was duly summoned by the Dutchess County Children's Court.

The respondent appeared specially by attorney, who objected to the jurisdiction of the court contending that the Dutchess County Children's Court had not acquired jurisdiction over the respondent in that it appeared from the affidavit of nonservice merely that the respondent could not be served within the city of New York and that the statute required nonservice in the State of New York, counsel citing subdivision (c) of section 6. (L. 1949, ch. 807, as amd.)

The section cited by counsel for the respondent has no application. It refers to the procedure to be followed in the case of a respondent not a resident of or domiciled in the State of New York. Subdivision (b) applies to the case at bar. Moreover, counsel for the respondent apparently is of the opinion that this law has no application to cases where the respondent remains within the territorial limits of the State of New York. On the contrary, proceedings are maintainable where the petitioner and the respondent each reside in, are domiciled or found in the same State (§ 5, subd. [a]). Moreover, this statute further provides specifically that a husband is declared to be liable for the support of his wife and any child or children under seventeen years of

age and any other dependent residing or found in the same State (§ 3, subd. [a]), and jurisdiction is further conferred upon the court regardless of the State of such residence or domicile of the petitioner and whether or not the respondent has ever been a resident of the initiating State or the dependent person has ever been a resident of the respondent State (§ 4, subd. [a]). That one of the purposes of this act for which the act was established was to cover cases between spouses both of whom are domiciled in the same State has been judicially decided (*" Bellanca* v. *Bellanca "*, 199 Misc. 698).

Motion of the respondent to dismiss the petition is denied and the respondent is directed to appear before this court on February 3, 1955, for a hearing as provided in section 6 of the Act.