Matthew M. Levy, J.
This action is brought by two closely held corporations and the two stockholders who own, manage and control them. The plaintiffs allege that the principal defendants are two former employees of the plaintiffs- and a corporation organized by these employees to aid them to compete unfairly with the plaintiffs and in the execution of other acts of which the plaintiffs complain. The gravamen of the complaint is that the employees were entrusted by the plaintiffs with their trade secrets and put in contact with their customers and prospects, and that, while in the plaintiffs’ employ and thereafter, these defendants utilized the plaintiffs’ trade secrets to appropriate to themselves the plaintiffs’ clientele in violation of contractual obligations and common-law duties. The plaintiffs seek equitable relief and damages for alleged breach of contract, defamation and willful destruction of the plaintiffs’ business.
In their original answer, the defendants denied the material allegations of the complaint and interposed five defenses and *479 one counterclaim. The defenses were: discharge of one individual defendant without due notice as required by the employment agreement, nonperformance by the plaintiffs of certain oral promises made to induce the other individual defendant to become employed by the plaintiffs, illegality of the anti-competition stipulations pleaded by the plaintiffs, laches and unclean hands. The counterclaim was based upon the claimed malicious prosecution of the present action by the plaintiffs and abuse of process thereby.
It appears that, upon a previous motion by the plaintiffs addressed to this original answer, the court ( Greenberg, J.) struck the defense of unclean hands and dismissed the counterclaim as insufficient, granting leave to serve an amended answer in respect of the counterclaim, provided defendants were able to include certain allegations therein. Thereafter, an amended answer was served. No reply was served in response to the counterclaim, but before the time for such service had expired, the plaintiffs served a notice to examine the defendants before trial.
The defendants now move to have the notice to examine vacated as premature under rule 121-a of the Rules of Civil Practice, in that the action is not yet at issue, since no reply has been served to the counterclaim. The plaintiffs resist this motion and, by cross motion, seek to strike the defendants’ second answer on the ground that it does not comply with the order of the court granting them limited leave to serve an amended pleading.
The defendants’ time to amend as of right had expired (Civ. Prac. Act, § 244). In this circumstance, the new answer served must comply'with the leave granted by the court, and the right to serve it is circumscribed by the terms of the order (Tripp, A Guide to Motion Practice [rev. ed.], § 37, p. 112, par. 17; Supp., 1949-1955, p. 93; Cum. Supp., 1958, p. 41). In consequence, preliminary application has been made by the plaintiffs to refer this matter to Mr. Justice Greenberg, as the Judge who heretofore studied the pleadings in this case and who made the order granting leave to amend the answer. Whether that reference would be appropriate on the basis of a suggested beneficial reform in the administration of the judicial workload (see Silverman v. Rogers Imports, 4 Misc 2d 672; Grobman v. Freiman, 3 Misc 2d 656) is one thing. But, as our rules are today, I sustain the defendants’ objection to that procedure. It therefore remains for me to study the amended answer and compare it with the original answer, and, upon such analysis, endeavor to determine whether the new pleading does or does *480 not comply with, the order made by my learned colleague. And I must keep in mind, of course, that, insofar as it is sought to sustain or attack the sufficiency of the counterclaim as an original proposition, that issue is irrelevant at this point, for I am hound by the law of the case as made by the prior ruling (Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308).
"Where an amended answer is served pursuant to leave of court, and there is no provision in the order permitting the interposition of certain affirmative defenses, such defenses must be stricken (Beverly Milk Yonkers Co. v. Conrad, 5 A D 2d 682, 683). The prior order here struck the defense heretofore referred to, without granting leave to replead in that regard or to plead new defenses. I find that the amended answer before me contains defenses that are different from and additional to those pleaded originally, that is, new defenses were interposed on behalf of the defendant Marden-Kane, Inc. That being so, such defenses must be stricken.
As to the counterclaim, it is relevant to note that, in the memorandum disposing of the prior motion, the original counterclaim was held insufficient because, among other things, “ improper motive in instituting the action is insufficient basis for a claim of abuse of process ’ ’, and that allegation appeared to be the basis for the counterclaim as pleaded; that there was no “ allegation of interference with person or property”, nor “ any allegation relating to the use of process already issued for unlawful purpose beyond the area of its legitimate use ”, and that “ there is no charge that there has been a use of legal process to accomplish a purpose not sanctioned by law ’ ’ — and then the court said: “ If defendants can allege a perversion of regularly issued process they may serve an amended answer ”. I find that the counterclaim, as now pleaded, is in substance but a combination of the dismissed initial counterclaim and the stricken initial defense of unclean hands, without the required showing of perversion of process.
Embarrassment in business resulting to the parties being sued is not beyond the area of legitimate use of process (see Assets Collecting Co. v. Myers [No. 1], 167 App. Div. 133, 138). The defendants have not pleaded that their business was despoiled or ruined as a result of malicious perversion of process. Their attempt to show loss of business is unavailing, for the decline here is alleged not as a result of the prosecution of this action, but as a diminution resulting from the claimed illegal acts of the individual plaintiffs as officers of the plaintiff corporation, concerning which the individual defendants have started a derivative action.
*481 As I have hereinbefore said, the order gave the defendants limited leave to replead. The counterclaim might be restated upon a certain specific condition. The defendants have not complied with that order, and the counterclaim, as amended, is still factually insufficient as determined by the court on the prior motion. Since the court permitted the defendants to amend their answer in a specific manner, they will not' be allowed to disregard the requirements of the order granting limited leave and to amend in any manner they wish (Knit Goods Exch. v. American Sur. Co., 153 N. Y. S. 975; Palma v. Town of North Hempstead, 170 App. Div. 512; 171 App. Div. 937). It was not necessary for the plaintiffs to reject the pleading and to return i't physically (Anello v. Kuss, 4 Misc 2d 151, 152). The plaintiffs ’ cross motion to strike the amended answer is appropriate and is granted (Mann v. Press Pub. Co., 135 App. Div. 361). This disposition is without prejudice to the service by the defendants (Within 10 days after the service of a copy of this order with notice of entry) of a second amended answer which does comply with the leave heretofore granted by the court.
It should be added that, in view of this decision, and since issue was first joined as far back as July, 1959, and service of amended answers has in each instance been made necessary by the defendants ’ faulty pleading and procedure, and was dependent upon special leave of court granted to relieve defendants of their faults, it would be unjust to hold that the plaintiffs’ efforts to examine the defendants before trial should be further thwarted. I therefore add the further condition to the defendants ’ leave to amend again that the defendants must submit to examination before trial by the plaintiffs with respect to the relevant and material allegations of fact put in issue by the complaint and answer (the latter pleading to be deemed to contain the denials and the defenses set forth in the original answer, except the alleged defense of “unclean hands ”, heretofore stricken). At such examination, the defendants are to produce all pertinent books, records and papers for use in pursuance of section 296 of the Civil Practice Act. As it appears that the documents thus required to be produced may be quite voluminous and that compelling their production elsewhere at this time may be unduly burdensome, the examination is to be held at the defendants’ place of business. The imposition of this condition as to the pretrial examination makes academic the motion by the defendants to vacate the plaintiffs’ notice to examine them before trial and it is dismissed on that ground. Settle order.