John J. Walsh,
Acting Family Court Judge. The petitioner is the mother of Harold Sawicki, and the respondent, the father of said infant, said child having been born on the 30th day of May, 1946 in Vienna, Austria. It is alleged that the said infant is the lawful issue of the marriage which was solemnized on the 21st day of December, 1945 before the Registrar’s office in Vienna and terminated by a decree of divorce which became absolute on the 29th day of December, 1948.
Both the infant and his mother are citizens of and residents in a foreign country. As far as this court is aware, they have never been in the United States.
The respondent apparently returned to the United States and now lives in the County of Oneida and the State of New York.
*924 The petitioner, claiming that the respondent, a citizen of the United States abandoned the marriage and his son shortly after the marriage, and has failed to provide support for the son now-residing with her in Vienna, Austria, has filed with this court a petition for support, properly sworn to by her before an official of the American Consulate in Vienna.
This petition was originally entitled in the Children’s Court of Oneida County and was verified on the 12th day of February, 1962 by Herta Strobl, the mother of the said infant before C. T. Zawadski, Consul of the United States of America in Vienna, Austria and sealed with the seal of the Consul.
The undersigned was duly designated by the Judge of the Children’s Court to hear this matter by order dated June 15, 1962. This case was still pending when the Family Court Act became effective on September 1, 1962. Thereafter, the undersigned was duly designated by an order of March 13, 1963 as Acting Family Court Judge to process this matter.
The respondent appears specially for the purpose of challenging the jurisdiction of the court. He claims that no jurisdiction is conferred upon this court by the present petition unsupported by a personal appearance in the United States and the State of New York of the petitioner. He further claims that there is no power of attorney in the present proceedings; that there is no opportunity to cross-examine witnesses and no opportunity for confrontation.
The research of counsel and an independent search by this court has failed to disclose a single case which is determinative of this specific objection to the jurisdiction of the court. As a matter of fact very little is apparent in decisional law which can serve as a guide in deciding this motion.
The moral obligation of a father to support his child is recognized by statute (Family Ct. Act, § 413). That duty is not changed by the domicile of the child.
The Family Court Act places the venue of a support proceeding in the county in which “ (a) the respondent is residing or is domiciled at the time of the filing of the petition for support ” (§ 421). Those authorized to originate proceedings for support are, among others, a parent or guardian of a child, or other person in loco parentis (§ 422). There is no specific requirement that such person be a resident of or personally present in the State of New York, or even in the United States. Neither is there any specific requirement that the person originating the petition nor the child himself to be a citizen of this State or of the United States. Neither does the statute specifically require *925 a personal appearance before the court by the petitioner or by the person originating the petition.
It is interesting to note that while this case does not arise under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.) whose provisions were held constitutional in Landes v. Landes (1 N Y 2d 358) a study of that law and this decision may well be a starting point in deciding the instant case.
Said, the court in the Landes case (p. 363): “ The New York Act specifically declares that a husband is responsible for the support of his child or children under 17 years of age residing or found in the same or another State having substantially similar reciprocal laws and he may be required to pay for their support according to his ability and this is so even if the marriage of the parents has been legally dissolved (§ 3, subds. [a], [g]). The Act also prescribes the procedure for enforcement of the reciprocal order (§6). Furthermore, the Act, by its specific terms, is limited to its avowed purpose, that is, to compel support of dependent wives, children and poor relatives within and without the State and to provide a procedure for enforcement thereof against persons residing in other States and territories of the United States having substantially similar reciprocal laws (Preamble to New York Act).”
Here, the person originating the petition as well as the child himself are aliens and residents not of a State or a Territory of the United States but of a foreign country. At least under the Uniform Support of Dependents Law, such persons are subject to the court of the demanding State and the responding State merely out of comity recognizes and enforces such judgments.
“ The term comity as defined in Bouvier’s Law Dictionary is 1 courtesy ’; a disposition to accommodate. Courts of justice in one State will, out of comity, enforce the laws of another State, when by such enforcement they will not violate their own laws or inflict an injury on some one of their own citizens.
‘ ‘ This rule contributes largely to produce friendly intercourse between the States and individuals. It permits them to sue in each other’s courts, and to travel and transact all kinds of business in each other’s territory when they are not prevented by some positive law of the State. ’ ’ (Franzen v. Zimmer, 90 Hun 103, 107.)
In Russian Reinsurance Co. v. Stoddard (240 N. Y. 149, 163-164) the Court of Appeals said:
“We give or deny the effect of law to decrees or acts of a foreign governmental establishment in accordance with our own *926 public policy * * * in determining our public policy in these matters common sense and justice must be considerations of weight.”
“Comity means, generally, reciprocity”. (Matter of McCoskey, 6 Dem. Surr. 438, 440.)
“ Comity is a sense of mutual regard founded on identity of position and similarity of institutions ”. (Matter of Liebl, 201 Misc. 1102, 1106.)
Whether or not there are reciprocal relations on the support of dependents between the State of New York and the Austrian government or between the Austrian government and the Government of the United States by treaty or otherwise is not presently known by this court.
This court will retain jurisdiction and in the event that reciprocity is established, will proceed to hear the case on the merits in spite of the difficulties involved.