William C. Hecht, Jr., J.
Motion for an order, pursuant to CPLR 3211 (subd. [a], par. 7) dismissing the complaint, is granted. The complaint contains the following allegations: That plaintiff is an attorney and counselor at law; That he conducted the practice of his profession from a suite of offices leased by him from defendant; That defendant commenced a summary dispossess proceeding in Civil Court against plaintiff, alleging nonpayment of rent; That defendant’s process server made only one unsuccessful attempt to effect personal service upon plaintiff and then made substituted service, affixing the petition and precept to the outer door of plaintiff’s office; That plaintiff unsuccessfully challenged the jurisdiction of the Civil Court upon the allegedly defective service; That a decision adverse to plaintiff herein was published in the New York Law Journal; That defendant proceeded to secure a final dispossess order knowing that there were no legal grounds therefor and knowing that the Civil Court lacked proper jurisdiction to issue the same; That, as a consequence of the foregoing plaintiff has been damaged in his business reputation and hindered in practicing his profession.
Plaintiff does not now press his earlier contention that the allegations of the said petition and precept in the summary dispossess proceeding were maliciously false and supported a theory of action based on malicious prosecution. Defendant’s success in the summary proceeding would, of course, preclude such an action at this time. Plaintiff now alleges that his complaint states a cause of action in tort, for abuse of civil process.
Plaintiff’s attack upon the manner of service employed in the Civil Court action, insofar as the same constitutes a renewed, collateral attack upon the jurisdiction of that court, is not maintainable in this action. Likewise any injury which has resulted from the legitimate publication in the Law Journal of the decision in that Civil Court suit is not actionable. (Reiner v. Kane, 25 Misc 2d 477.) At best, plaintiff’s allegations are to be viewed as a contention that defendant knowingly neglected to exercise due diligence in effecting personal service upon plaintiff or a person of suitable age and discretion (Real Property Actions and Proceedings Law, § 735; CPLR 308, subd. 3) but resorted to substituted service so that the conspicuous service of the petition and precept injured plaintiff’s professional reputation.
*398 The court finds no precedent for an action for abuse of process based upon such facts. Regardless of whether or not such an action lies where there is no allegation of injury to person or property and the only injury complained of is to one’s business reputation (see Assets Collecting Co. v. Myers, 167 App. Div. 133, 138; 1 Cooley, Torts, § 131; 1 N. Y. Jur., Abuse of Process, § 5; cf. Doane v. Hescock, 155 N. Y. S. 210, 211, affd. 173 App. Div. 966), the cause asserted is insufficient as a matter of law.
The gist of an action for abuse of process “lies in the improper use of process after it is issued. ’ ’ (Hauser v. Bartow, 273 N. Y. 370, 373.) There must be a showing that the process, though regularly issued was perverted to the accomplishment of an improper purpose (Dean v. Kochendorfer, 237 N. Y. 384). As stated in Widger v. Central School Dist., 20 A D 2d 296, 299-300: “ To establish this tort, the process of law must be used improperly and this means something more than proper use from a bad motive. If the process is used for the purpose for which it is intended, one is not liable even though he has a vicious or vindictive motive (1N. Y. Jur., Abuse of Process, § 3, pp. 56-58).
The proper function of the process here involved was to further an intent to dispossess plaintiff for nonpayment of rent. That dispossession was accomplished and there is no showing that the process was employed in furtherance of any objective collateral to its proper purpose (Miller v. Stern, 262 App. Div. 5, 8). The facts alleged indicate quite the contrary.
Moreover, the alleged impropriety in service, the essential element in plaintiff’s asserted cause of action, has been previously litigated after plaintiff raised the issue in the summary proceeding. The Civil Court’s determination thereon, adverse to plaintiff, collaterally estops him from again urging that contention in an action between the same parties. Plaintiff’s challenge to the correctness of that determination must be left to an appeal therefrom.
The plaintiff does not seek leave to replead in accordance with CPLR 3211 (subd. [e]) and fails to submit anything in his affidavit or memoranda herein which would incline the court to conclude that he has a good cause of action under any legal theory. There is, therefore, no occasion to grant plaintiff the right to serve a new pleading in this action.