Raymond E. Aldrioh, Jr., J.
The petitioner, Louise R. Rohonczy, brings this proceeding against her husband, Imre B. Rohonczy, under article 4 of the Family Court Act, seeking an order of support for herself and two children, ages four and two years, and an order of custody of one of the children.
On the adjourned date, the respondent appeared with an attorney and made a motion to dismiss the petition for lack of jurisdiction upon the grounds that the petitioner and the two children were residing in a foreign country, namely, Canada, at the time the petition was executed and filed, as well as at the time the motion was made. As a result of such residence, the respondent claims jurisdiction has not been conferred upon this court by the present petition, and therefore, the motion should be granted.
The undisputed facts are: The petitioner and respondent were married in Montreal, Canada, on May 5, 1961. Their marriage has not been annulled or dissolved. Petitioner and the two children reside and are physically present in Canada, and the respondent resides and works in Dutchess County. Respondent does not dispute, but admits, that the children are his.
This motion involves the construction of sections 421 and 422 of the Family Court Act.
The petition herein was executed in Jefferson County, State of New York, and was duly filed in Dutchess County Family Court on June 29, 1966. Upon the return day of the summons, while the petitioner was not physically present, she appeared by an attorney admitted to the practice of law in the courts of the State of New York.
An analysis of the decisional law construing the provisions of article 4 of the Family Court Act fails to disclose a case involving a factual situation identical to the one presented herein, although the case of Matter of Strobl v. Sawicki (41 Misc 2d 923) involves somewhat similar facts. In that case, both the petitioner and child on whose behalf the mother made application were citizens and residents of Austria, and the petitioner executed the petition in Austria without appearing in person at any time, or ever intending to do so, in New York State. In the instant case, the petitioner, Louise R. Rohonczy, was physically present in the State of New York when she executed the petition, although not a resident of or domiciled therein. Otherwise these two cases *445 seem similar. While the Family Court retained jurisdiction in the Strobl case, apparently the decision rested upon the final determination of the existence of reciprocal relations between Austria and the State of New York, and if such reciprocal relations could be proven, then the court would proceed to hear the case, but if not, then presumably the court would dismiss the matter.
The rationale in the Strobl case is not necessarily controlling upon this court, and is not now adopted by this court in determining this motion. That case seems to be based upon the assumption that the petitioner would not be present at a hearing before the Family Court, and therefore in the absence of reciprocal relations on the support of dependents between Austria and New York State, it would not only be difficult for her to prove her case but the respondent would not have available his right of cross-examination and confrontation. This court does not believe this motion should be decided upon the existence or nonexistence of reciprocal relations between' Canada and New York State.
The motion involved in the proceeding herein is one to dismiss for lack of jurisdiction, and not one to dismiss for failure of proof. The question of jurisdiction to hear and determine is separate and apart from the matter of proof, and the jurisdictional question raised by the residence of the petitioner and the children should not be resolved upon the narrow grounds of possible difficulties of such proof. While this court can foresee such difficulties if the petitioner does not come into the trial forum and testify, these anticipated problems should not be determinative in the first instance of this question of jurisdiction.
By statute, a proceeding under article 4 of the Family Court Act “ may be originated in the county in which (a) the respondent is residing or is domiciled at the time of the filing of the petition for support ” (§ 421). This respondent is a resident of Dutchess County. Since the respondent is such a resident, the venue of this proceeding in Dutchess County is proper.
However, even though proper venue is laid, the petitioner must be a person authorized by statute to originate the proceeding. Under section 422 of the Family Court Act, a wife may file a petition on behalf of herself or as parent on behalf of dependent children. Without question, the petitioner herein is the wife of the respondent, and the two children involved in this proceeding are his dependents. There are no statutory requirements in article 4 of the Family Court Act requiring that the originator of such a petition be a resident of the State of New York, or even of the United States, or even that the petitioner be physically *446 present and execute the petition within the territorial jurisdiction of the Family Court, The absence of such requirements can be construed as supporting the age-old common law, and prior decisional affirmation, that in the interests of justice, and to protect one’s rights, a person should be permitted to submit his personal jurisdiction to a particular court.
When the Children’s Court and the Domestic Relations Court of the City of New York were abolished by constitutional amendment effective September 1,1962, and all actions and proceedings pending therein were transferred to Family Court, the intent was that the new court would have full power and authority to make decisions over all aspects of family life. The intent was not that this new court would have any lesser power and authority over family matters than the courts thereby abolished. (See Kemp v. Kemp, 172 Misc. 738.) In fact an analysis of the Family Court Act clearly demonstrates that the powers and influence of this new court were intended to be greatly in excess of such former courts.
This court believes that Family Court was intended to be a forum available to petitioning wives and dependent children, regardless of the petitioner’s and dependent children’s residence or domicile, providing the explicit statutory requirements of sections 421 and 422 of the Family Court Act are satisfied. In this case, such requirements are met.
Accordingly, the motion is denied.