Alonzo J. Pkey,
Acting Family Court Judge. The petitioner and the respondent in this matter were married in Honolulu, Hawaii, on February 25, 1966, and the marriage has not been annulled or dissolved. There is one child, Alexandra Morlock, issue of said marriage born on October 24,1966. The petitioner and her husband resided together briefly in Buffalo and then the petitioner left the United States and went to Bavaria, Germany, where she presently resides. The respondent is a resident of the County of Erie. The petitioner filed a formal petition for support in May of 1968. Her petition was verified May 7,1968, in Germany before a Notar who the Court assumes has the authority to take acknowledgments in the same way as a Notary Public under the laws in the State of New York. His authority so to do is certified by a duly constituted officer.
The matter came on for a hearing before the undersigned duly appointed as an Acting Family Court Judge in and for the County of Erie on the 25th day of June, 1968. The respondent by his counsel moved to dismiss the petition on the ground that the court did not have jurisdiction of the proceeding.
That is the sole issue presently before the court. The question therefore is, “ Does the Family Court of the State of New York in the County of the respondent’s residence have jurisdiction of an issue for support by a petitioner who admittedly is a resident of a foreign country and in whose custody, the infant child of the parties to this proceeding, presently exists? ”
The respondent as authority for his motion to dismiss and in support of his contention that the court is without jurisdiction in this case cites the authority of Matter of Strobl v. Sawicki, a 1964 decision by the Acting Family Court Judge Walsh in Oneida County (reported in 41 Misc 2d 923). Judge Walsh in that case stated that a search by the court and counsel failed to disclose a single case ip. the State of New York which is determinative of this specific objection to the jurisdiction of the court. The court stated there is very little authority apparent in any decisional law which can serve as a guide in deciding this ques *690 tion. The petitioner and infant in that ease were citizens of and residents of a foreign country.
The court said in its opinion that in view of the lack of decisional authority a good place to start is a study of that law and the decisions of the courts, under the Uniform Support of Dependents Law as it was enacted in 1949 (L. 1949, ch. 807). That Act formerly was found in sections 1 through 10 of chapter 807 of the Laws of 1949 and is now found in article 3-A of the Domestic Relations Law. The Uniform Support of Dependents Law was found to be constitutional in Landes v. Landes (1 N Y 2d 358). The State Legislature redrafted the old Uniform Support of Dependents Law in 1958 (L. 1958, ch. 146) and it became the law effective July 1, 1958. Section 35 (subd. 2) of the Uniform Support of Dependents Law provides that a proceeding to compel support of a dependent may be maintained under this article 1 ‘ Where the petitioner resides in one state and the respondent is a resident of or is domiciled or found in another state having substantially similar or reciprocal laws ”. It is, therefore, clear that the legislators in drafting this law were very careful to provide that such proceeding were possible of being instituted only where there were “ similar or reciprocal laws ’ \
The Family Court of the State of New York which became effective September 1, 1962, was given exclusive original jurisdiction over support proceedings under article 3 of the Family Court Act and article 3-A of the Domestic Relations Law known as the Uniform Support of Dependents Law, (Family Ct. Act, § 411). While the Legislature gave the Family Court jurisdiction the court obtained only that jurisdiction which the Act itself authorizes.
Counsel for the petitioner in his memorandum says that nowhere in article 4 of the Family Court Act is it stated that the petitioners must have domicile or residence in the State and for this reason he argues that the court in this case does have jurisdiction. The petitioner also cites as authority for his position the case of Matter of Rohonczy v. Rohonczy (51 Misc 2d 443 [1966]). The court in that case denied the motion to dismiss and held that the court would have jurisdiction. With that determination I cannot agree. I think my position in that respect is clearly expressed in the case Ross v. Ross, a 1954 decision (reported in 206 Misc. 1073) under the former section of chapter 807 of the Laws of 1949 herein before referred to. It was not intended that the courts should assume by implication or extension any jurisdiction not expressly granted by statute. (See, also, Hansen v. Hansen, 207 Misc. 589.)
*691 In the instant case the petitioner seeks support for herself and the infant child. The court can envision grave questions as to the petitioner’s right for support for herself and the court can also envision grave and most difficult problems in developing facts which would make it possible for the court to make a proper and intelligent decision with respect to the infant child. There is no method of which the court at present is aware where proof can be taken by uniform method in a foreign country where the problem of reciprocal treatment of such a situation can be conducted. In Matter of Strobl v. Sawicki (supra) the court held the matter to await the establishment of reciprocity between this country and Austria where the petitioner resides and that problem apparently has not yet been determined.
For the reasons herein above stated, I find and decide that the court is without jurisdiction to hear the issues in this case. The petitioner admittedly is not qualified under the Act which the court must recognize as enabling it to make a determination of the issue of jurisdiction, to make the petition. The motion of the respondent, therefore, is granted and the petition is dismissed.