William Berman, J.
Respondent moves to dismiss this petition on the ground that this court had no jurisdiction thereof.
On August 7, 1969 petitioner, as “ father-in-law ” of respondent and on behalf of Alice L., filed a petition alleging Alice L. and respondent were married in Poland on August 9, 1958, and that they were the parents of Tadeusz, Jr., born on January 15, 1959 and Grazyna born on June 29, 1961. Petitioner also alleged that respondent failed to support Mrs. Alice L. and their two children, who are all residing in Poland.
On September 19, 1969 this matter was heard by Potoker, J., who noted that respondent obtained a unilateral divorce from petitioner’s daughter in Mexico on May 6, 1968; that respondent produced “ receipts indicating support furnished by him to ex-wife and children in the amount of $60 bi-monthly and that petitioner filed a “ Power of Attorney” dated May 20, 1969. Potoker, J., reserved decision on the question of jurisdiction.
On September 30, 1969, Potoker, J., citing sections 411, 412, 421 and 422 of the Family Court Act, concluded that this court has jurisdiction of the petition herein.
On October 30, 1969, Marchisio, J., made a temporary order of support requiring respondent to pay $25 a week support commencing November 3, 1969 for wife and children. It is conceded that no payments were made thereon.
On November 19,1969, respondent appeared with an attorney who on January 26, 1970, moved in open court to dismiss the petition for lack of jurisdiction. In support thereof, respondent cites Matter of Morlock v. Morlock (57 Misc 2d 688). Petitioner, who was afforded an opportunity to get an attorney and *482 submit answering briefs, did not submit any brief supporting Ms position.
Orderly procedure here requires that the law of the case has been established, and that this court is without the power to review the decision made by a judge of co-ordinate jurisdiction (Albero v. State of New York, 24 A D 2d 700, 701; Collins, Inc. v. Olsker-McClain Ind., 22 A D 2d 485).
Moreover, even if the application would have here been considered on the merits, I am of the opinion respondent would not have been entitled to the relief requested.
In Matter of Morlock v. Morlock (supra) the facts are distinguished from the case at bar in that the petitioner there was a resident of a foreign country (Germany) and her petition was “verified” there. The court in that case on page 691 stated: “The court can envision grave questions as to the petitioner’s right for support for herself and the court can also envision grave and most difficult problems in developing facts which would make it possible for the court to make a proper and intelligent decision with respect to the infant child. There is no method of which the court at present is aware where proof can be taken by uniform method in a foreign country where the problem of reciprocal treatment of such a situation can be conducted.” The court there also relied on the Uniform Support of Dependents Law wMch has more limited requirements for petitioner’s residence than article 4 of the Family Court Act.
While the problem enunciated in the above quote is also here present, this court has a petition filed by a resident of New York who represents himself to be the father of respondent’s “ wife ”, and who has a “ power of attorney ” from her. Upon him thus devolves the responsibility of complying with any order of this court as to proof, if any, that1 he may be required to submit in support of Ms petition.
In Matter of Rohonczy v. Rohonczy (51 Misc 2d 443), Aldrich, Jr., J., denied a motion by a respondent husband residing in New York, to dismiss a petition by a Canadian wife, for support for herself and two children, all residing in Canada. The petition was executed in New York State. The court there held that it had jurisdiction under article 4 of the Family Court Act since the petitioner was the wife of the respondent and the children were his dependents.
In Matter of Strobl v. Sawicki (41 Misc 2d 923) petitioner, a resident of Austria, filed a petition in Oneida County for support of the son of the parties. The petition was, “prop *483 erly sworn to before an official of the American Consulate in Vienna ’ The court recognizing the obligation of the father to support his child, which was not changed by the child’s domicile, denied an application by respondent to dismiss the petition. The court not knowing whether there was reciprocity between Austria and the United States retained jurisdiction subject to reciprocity being established ‘1 in spite of the difficulties [of proof] involved”.
In any event, respondent is responsible for the support of his children even when they reside outside the State of New York (“ Kirstein ” v. “ Kirstein ”, 186 Misc. 213; “ Almandares ” v. “ Almandares ”, 186 Misc. 667). Proof involving support of a child since it is predicated on the respondent’s means (Family Ct. Act, § 413) is not as difficult as in the case of support of a wife under section 412 of the Family Court Act.
The marriage here in question was in Poland. Respondent thereafter obtained what appears to be a unilateral divorce in Mexico.
Absent jurisdiction in Mexico over the wife, if she were a New York resident, the Mexican divorce would not be recognized by this court (Fishberg v. Fishberg, 16 A D 2d 629, and cases cited therein).
However, and notwithstanding the fact that article 4 of the Family Court Act permits the petition to be filed here on behalf of a nonresident wife, I am of the opinion that this court should not question the effect of a decree where full faith and credit are not involved, on behalf of a nonresident “ wife ”.
The spirit of the above was recognized by the Legislature in section 230 of the Domestic Relations Law which in subdivision 3 permits commencement of an action to dissolve a marriage where the plaintiff is a resident of New York for at least one year and “ The cause occurred in the state ”.
As heretofore noted, I am of the opinion, subject to reciprocity between Poland and New York and .subject to appropriate proof, this court may require respondent to support his two children.
It appears that there is no prohibition at present which precludes transmittal of funds to Poland. (Cf. Matter of Kina, 49 Misc 2d 598, revd. 29 A D 2d 563, affd. 23 N Y 2d 720; Matter of Krasowski, 28 A D 2d 180; Matter of Swiderski, 29 Misc 2d 480.)
Accordingly, this matter is set down for a hearing consistent with the above, to be held on April 15, 1970. Notify parties and attorney.