John B. Heilman, J.
This is a proceeding under article 4 of the Family Court Act commenced by petition dated July 24, 1970. Petitioner is seeking support for herself and two children born during her marriage to respondent. It appears from the affidavits submitted by the parties that they were married on December 6, 1955 in Munich, Germany, and that the petitioner thereafter gave birth to two children, born on February 10, 1957 and June 14, 1958, respectively. Bespondent denies paternity of the younger child, claiming that he ceased to cohabit with petitioner immediately following the birth of the first child in February, 1957. The petitioner, on the other hand, alleges that respondent abandoned her in January, 1960 without just cause. The respondent thereafter concealed his whereabouts from petitioner for several years. The petitioner is presently in this country on a visitor’s visa and is residing in Dutchess County. Petitioner claims that she has to be in this country on such a visa because respondent refused to sign necessary papers to permit her to come here as his wife. Although petitioner appears to be a citizen of a foreign country, the children appear to be citizens of the United States. This latter fact is based upon information contained in affidavits submitted by petitioner. Following the last appearance of the parties before this court, respondent served petitioner with a lengthy demand for a bill of particulars. Petitioner moved to vacate the demand in its entirety, or in the alternative, to modify it to include only certain limited items. The respondent, in addition, has also contended that this court is without jurisdiction to hear the proceeding, claiming further that petitioner, because of her foreign citizenship, has no standing to commence this proceeding and that in any event, petitioner is barred, at least as to the younger child, by reason of section 517 of the Family Court Act, relating to the Statute of Limitations in paternity proceedings. The court reserved decision on all issues, granting counsel for each of the parties ample opportunity to submit memoranda of law and additional supporting affidavits, which *1016 the court has now received and considered in deciding the various issues.
The jurisdictional question will be treated first, since if this court lacks jurisdiction, the other issues raised by respondent become moot. Section 411 of the Family Court Act in part provides that this court 1 ‘ has exclusive original jurisdiction over support proceedings under this article [art. 4] and in proceedings under article three-a of the domestic relations law, known as the uniform support of dependents law.”
From the record and the papers submitted by the respective parties, there would appear to be no dispute that this proceeding was commenced in Dutchess County by the filing of a petition here by the petitioner. Furthermore, there is no question that the respondent is a resident and domiciliary of this county. The petitioner and the children in ..question are presently in this county, although some question has been raised as to whether the petitioner and the children are actually residents of this county.
As counsel for petitioner quite properly points out, this proceeding is one brought pursuant to article 4 of the Family Court Act. Respondent’s reliance on the theory that this is a matter under the Uniform 'Support of Dependents Law does not appear to be supported by the facts alleged. (Domestic Relations Law, §§ 32, 35.) At the outset it should be pointed out that the Family Court Act applies when the person charged with support resides or is domiciled in New York State. The Uniform Support of Dependents Law in general applies when the person charged with support resides or is domiciled in a State other than New York or when the person charged with support resides or is domiciled in New York and the persons to whom the duty of support runs reside or are domiciled in a State with reciprocal laws. (See, generally, text West’s McKinney’s Forms, Matrimonial and Family Law, App. § 4:03, subd. [a].) The Uniform Support of Dependents Law was designed to permit dependents living at some distance from the county in which the respondent is found, to obtain support without the necessity of being present or appearing in the county where the liable parties reside. This is clearly not the situation here. Accordingly, the court does not believe that the provisions of article 3-A of the Domestic Relations Law, relating to jurisdiction, are in any way applicable to the case at bar. Even if this court were to apply the jurisdictional provisions of article 3-A, there is some question as to whether petitioner’s alleged status as a nonresident alien would bar her from the relief which she *1017 seeks. (See Matter of Stanley T. v. Tadeusz L., 62 Misc 2d 481 [Family Ct., 1970] and cases cited.)
There is no provision in article 4 of the Family Court Act which makes residence or domicile a prerequisite to the commencement of a support proceeding. It is a well-established principle of law that a party may subject himself to the jurisdiction of a court for the purpose of commencing a proceeding before such court, regardless of his residence or citizenship. (Anderson v. N. V. Transandine Handelmaatschappij, 28 N. Y. S. 2d 547, affd. 263 App. Div. 705, affd. 289 N. Y. 9 [1942] ; “England” v. “England”, 205 Misc 2d 645; Catalanotto v. Palazzolo, 46 Misc 2d 381.) The fact that dependents may be residents or even citizens of a foreign country does not in any way diminish the husband’s or father’s obligation to support them. The party liable for support should not be able to avoid this responsibility by claiming that the foreign residence or citizenship of his dependents automatically precludes them from the relief which they seek.
There is no question that Dutchess County is the proper venue for this proceeding, since respondent is domiciled in this county. (See Family Court Act, § 421, subd. [a].) This court in Matter of Rohonczy v. Rohonczy (51 Misc 2d 443) held that a resident of Canada could bring a proceeding under article 4 of the Family Court Act. There it was stated (pp. 445-A46) that there was no statutory requirement that “ the originator of such a petition be a resident of the State of New York, or even of the United States, or even that the petitioner be physically present and execute the petition within the territorial jurisdicion of the Family Court.” It should be pointed out that the Rohonczy decision predated the amendment of subdivision 1 of section 31 of the Domestic Relations Law. Until such amendment, the definition of “ State ” as it appears in article 3-A of the Domestic Relations Law did not include the Dominion of Canada. Accordingly, although respondent cites Rohonczy as authority for his position, in reality it tends to support the position of petitioner. This court therefore finds that it has jurisdiction over this proceeding and denies respondent’s motion to dismiss on the ground of lack of jurisdiction.
The second issue before the court arises from respondent’s contention that petitioner is barred from bringing this proceeding by reason of the two-year Statute of Limitations provisions of section 517 of the Family Court Act. This argument is without merit. The petitioner and respondent were married *1018 to one another at the time of the birth of each of the children. Indeed, there is no convincing proof before this court to indicate that these parties are not married to each other at the present time, although respondent’s counsel claims the parties are now divorced. It has long been the rule that a child born to parties who, at the time of apparent conception, .were married is presumed to be the legitimate child of each. (Matter of Findlay, 253 N. Y. 1.) Thus, the petitioner has no obligation to prove that the two children born during her marriage to respondent are the natural children of respondent. On the contrary, the burden rests upon respondent to come forward with clear and convincing evidence establishing that someone other than respondent is the father and that he had no access to petitioner during the time when conception must have occurred. (Matter of Mannain, 33 A D 2d 1024 and cases cited, affd. 27 N Y 2d 690; Matter of Gray v. Rose, 32 A D 2d 994.) It should be noted that the petitioner has supplied the court with copies of two ‘ ‘ Reports of Birth ’ ’ for the respective children herein. Each of the reports of birth appear to be signed by respondent under oath before a Vice-Consul of the United States. In each of these reports the respondent is named as the father of the child named therein. This would on its face tend to contradict respondent’s present allegation that the younger of the two children is not his. In any event, while the respondent may be granted an opportunity to disprove paternity, the instant proceeding is not in the nature of a paternity proceeding and accordingly, this court rules that the two-year Statute of Limitations contained in section 517 of the Family Court is inapplicable to this proceeding.
The court will grant respondent’s motion for a blood grouping test with regard to the younger of the two children. (Family Ct. Act, § 418.) However, depending upon the evidence produced at the trial, such results may be excluded from evidence regardless of the showing contained therein. (See Matter of Time v. Time, 59 Misc 2d 912.)
The final point which must be decided relates to respondent’s right to obtain from petitioner a bill of particulars. Section 165 of the Family Court Act provides that ‘ ‘ where the method of procedure in any proceeding in which the Family Court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” There being no specific provision in the Family Court Act relating to bills of particu *1019 lars, the provisions of the CPLR should be considered as controlling in this case to the extent this court deems them appropriate. CPLR 3041 provides that “ Any party may require any other party to give a bill of particulars of his claim ” (emphasis added). The claim of petitioner in this case deals with support. She alleges that she and respondent were married; that during that marriage two children were born; and that she needs a certain amount of funds with which to support herself and the children. Were this a paternity proceeding, the court might be inclined to grant the relief sought by respondent herein. (Matter of Tilson v. Bark, 52 Misc 2d 338.) However, this is not the case here. The weight of authority appears to support petitioner’s contention that the court should not require particulars of a party as to matters which such party need not prove on the trial. (See, e.g., Matter of Tribble, 34 Misc 2d 130 and cases cited; Reiner v. Kane, 25 Misc 2d 477; Matter of Kuster, 12 Misc 2d 239.) While it is true that disclosure is required of a party regardless of the burden of proof (CPLR 3101), bills of particulars are not considered to be disclosure devices, but rather extensions of the pleadings. (See McKinney’s Cons. Laws of N. Y. Commentary CPLR 3101, C3101:9.) Accordingly, petitioner’s motion to vacate respondent’s demand for a bill of particulars is granted to the extent of striking therefrom items numbered “ 8 ” through “52” inclusive and in all other respects denied. A blood grouping test is ordered, subject to payment of the fee therefor.