Joseph D. Caputo, J.
The parties were married on March 31, 1945 in New York City. Petitioner and respondent entered into a separation agreement in New York dated April 1, 1960 which was incorporated but not merged into a Mexican divorce decree dated February 12, 1962. Under the terms of the agreement, respondent is to pay $25 per week toward the support of the child, Stephen. The son resides with his mother in Manhattan while his father lives in Hillside, New Jersey.
On January 7,1972, petitioner filed a petition pursuant to the provisions of the Uniform Support of Dependents Law of the State of New York (Domestic Belations Law, art. 3-A). Pur *547 suant to the usual Uniform Support of Dependents Law procedure, the Judge’s certificate, together with exemplified copies of the petition, was transmitted to the Juvenile and Domestic Eelations Court in Hackensack, New Jersey. This New Jersey court held a hearing on March 7, 1972 and determined that respondent pay $25 per week beginning March 13, 1972 for the support of his son and fixing arrears at $225 to be paid by April 1, 1972.
On April 5, 1972, less than one month after the adjudication by the New Jersey court, the petitioner filed this petition under subdivision (b) of section 461 of the Family Court Act for enforcement and modification of an order made by another court. The relief sought in the instant proceeding is that the respondent be required to pay the sum of $100 for the support of the child Stephen and for payment of the entire sum of arrears. The sum of $100 per week requested is the same as that requested in the New Jersey court. Subdivision (b) of section 461 provides in part: “ (b) If an order * * * of another court of competent jurisdiction requires support of the child, the family court may
“ (i) entertain an application to enforce the order requiring support; or
“ (ii) entertain an application to modify such order on the ground that changed circumstances require such modification ”.
The Family Court has exclusive original jurisdiction over support proceedings under article 4 of the Family Court Act (Family Ct. Act, § 411), and also under article 3-A of the Domestic Eelations Law which is known as the Uniform Support of Dependents Law. “ The Family Court Act applies when the person charged with support resides or is domiciled in New York State. The Uniform Support of Dependents Law in general applies when the person charged with support resides or is domiciled in a State other than New York or when the person charged with support resides or is domiciled in New York and the persons to whom the duty of support runs reside or are domiciled in a State with reciprocal laws. (See, generally, text West’s McKinney’s Forms, Matrimonial and Family Law, App. § 4:03, subd. [a]).” (Matter of Swift v. Swift, 65 Misc 2d 1014, 1016).
Family Court is intended as an available forum under the support article, provided that the statutory mandates of sections 421 and 422 of the Family Court Act dealing respectively with venue and persons who may originate proceedings are satisfied. (Matter of Rohonczy v. Rohonczy, 51 Misc 2d 443.) Subdivision (b) of section 422 provides:11 Any party to a decree of divorce, separation, or annulment may originate a proceeding *548 to enforce or modify a decree of the supreme court or a court of competent jurisdiction, not of the state of New York, as is provided in part six of this article.”
This section is satisfied since petitioner is clearly basing her petition on the Mexican divorce decree. However, petitioner fails to comply with the provisions of section 421 of the Family Court Act.
“§ 421. Venue
‘ ‘ Proceedings to compel support under this article may be originated in the county in which “ (a) the respondent is residing or is domiciled at the time of the filing of the petition for support; or
“(b) the petitioner is residing or domiciled at the time of the filing of the petition for support and at the time of the issuance of the summons or warrant if the respondent resides in or is found within such county or an adjoining county; or
“(c) the petitioner, if a pregnant wife, is residing or is domiciled, even if the respondent is not residing, domiciled or found in that county at the time of the filing of the petition; or
“ (d) the petitioner is residing or is domiciled, if the respondent, while residing or domiciled in that county, failed to furnish support or abandoned his wife or child and thereafter failed to furnish such support, even if the respondent is not residing, domiciled or found in that county at the time of the filing of the petition; or
“(e) the petitioner is residing, if the petitioner resides in a county within the city of New York and if the respondent resides in or is found in any county within the city of New York or in a county adjoining the city of New York.”
Further, section 154 of the Family Court Act provides that the Family Court may serve process or other mandates in any matter in which it has jurisdiction in any county of the State (emphasis supplied) for service or execution. The court is mindful too of petitioner’s contention that Family Court has jurisdiction over this action, relying on the case of Matter of Lawrenz v. Lawrenz (65 Misc 2d 627). In Kochenthal v. Kochenthal (28 A D 2d 117), the Appellate Division, the Second Department, declared that the execution of a separation agreement in New York which provides for support payments, even though not a commercial transaction, constitutes doing business within the State thereby satisfying the requirements of subdivision (a) of CPLB 302. Kochenthal was however a Supreme Court of the State of New York action and the Supreme Court possesses vast general jurisdiction. (N. Y. Const., art. VI, § 7.) This instant *549 proceeding was originated in the Family Court, constitutionally a court of limited jurisdiction. (N. Y. Const., art. VI, § 13; Matter of Adams v. Rhoades, 56 Misc 2d 249; Matter of Burns v. Burns, 53 Misc 2d 484.) A court of limited jurisdiction may only exercise that authority expressly granted to it. Nowhere is Family Court given the power to enforce separation agreements. Subdivision [c] of section 466 and subdivision [b] of section 461 of the Family Court Act provide for the enforcement of decrees. The incorporation of a separation agreement executed in New York into a decree of divorce does not vest this court with jurisdiction to enforce the agreement, but rather Family Court only may act upon the provisions as they are incorporated in the decree. In conclusion, I am compelled respectfully to differ with Lawrens v. Lawrens (65 Misc 2d 627, supra) and hold that we have no jurisdiction over the respondent by virtue of his entering into a separation agreement in this State.
Petitioner has available to her, and furthermore has availed herself of, the relief under article 3-A of the Domestic Relations Law.
This petition be and hereby is dismissed.