Chables F. Geaney, J.
On November 14, 1973 the petitioner filed a petition for support against the respondent alleging that she is the wife of the respondent and thpt he has, since on or about January 1, 1960, refused and neglected to provide fair and reasonable support for her. The respondent moved to dismiss the petition on a number of grounds and on December 20, 1973 the motion was argued at which time affidavits were filed and some testimony was taken.
*237 The uncontested facts appear to be as follows:
The parties were married at Rodziechow, Poland on March 3, 1933. The children of the marriage are now all grown and emancipated. The respondent left Poland in 1942 because of World War II. He eventually arrived in Buffalo, New York, in the early 1950’s. He kept contact with the petitioner by mail indicating that he planned to arrange for her to join him in the United States. The contacts gradually diminished over a period of about 10 years. During this time the respondent became a United States citizen. On October 14,1966 he secured a divorce from the petitioner in the State of Chihuahua, Mexico, and subsequently remarried. The petitioner is a Polish citizen. She came to the United States in 1971 on a visitor’s permit, sponsored by her son who had moved to Buffalo in 1964. Her stay has been extended on a number of occasions, the last time apparently because of the pendency of these proceedings.
The respondent has produced a certified copy of his Mexican divorce and moves to dismiss the petition on the ground that the petitioner is no longer his wife and thus no longer entitled to support. He further argues that the petitioner, a foreign national, cannot bring suit in Family Court for the relief requested.
Initially, the respondent argues that since the petitioner is not a citizen or resident of this State and the marital res does not exist in this State, this court cannot or should not accept jurisdiction. He cites the case of Morlock v. Morlock (57 Misc 2d 688), a case decided in this very court by acting Family Court Judge Alonzo J. Prey, and the case of Matter of Strobl v. Sawicki (41 Misc 2d 923).
Judge Prey’s decision denying jurisdiction in the case of a nonresident petitioner was based on the fact that the Family Court Act did not expressly give such persons the right to file a petition as well as concern for the difficult problems he foresaw in developing facts. The petitioner in the Morlock ease was not before the court. He also relied on the Strobl cash which referred to the Uniform Support of Dependents Law and suggested that reciprocity be shown between the nonresident’s State and New York State. This question has been thoroughly analyzed by Family Court Judge Nanette Dembitz in a recent decision (Matter of Ratner v. Ratner, 73 Misc 2d 374). This court finds itself in agreement with Judge Dembitz’ decision especially since, in the instant case, the petitioner herself is before the court. (While the Ratner case was a child support case we can find ..no reason for adopting a different rule when the question is support of a wife.)
*238 Section 421 of the Family Court Act permits the respondent to be sued in this court and places no restriction on the petitioner’s residence. While this merely settles the question of venue (Matter of Caplan v. Caplan, 30 N Y 2d 941), we can find no binding authority or persuasive argument for prohibiting nonresident petitioners access to our court to enforce the respondent’s clearly defined obligation. The courts of this State have not usually adopted an insular mentality to protect their citizens in such circumstances. Further, there is no indication that the Uniform Support of Dependents Law was meant to be preemptive in this area.
Again it is important to point out that the petitioner has actually appeared in this court. This is not a case where the petitioner picked this court to suit her own convenience. It is, indeed, the only court in the world where she could seek support from the respondent. It would seem that even the Strobl case would approve jurisdiction when the nonresident petitioner appears before the court.
The respondent argues that even if this court does accept jurisdiction, it does not have the authority to rule on the validity of the divorce. He further claims that this court should not recognize the divorce as invalid for the purposes of this lawsuit. It has been held that the Family Court, in the exercise of its jurisdiction to compel a husband to support his wife, does have authority to determine whether the parties are man and wife and this includes a determination of the effect of a foreign divorce decree insofar as it relates to the matter before the court (Loomis v. Loomis, 288 N. Y. 222; Matter of Ciaravino v. Ciaravino, 38 A D 2d 722; De Pena v. De Pena, 31 A D 2d 415).
The respondent argues that these cases should not apply because the petitioner is neither a citizen nor a resident of New York State and the marital res does not exist in New York State. Petitioner replies that she is now a resident and that the marital res was in this State while the respondent resided here with intentions to bring the petitioner to join him. Regardless of this, we have already decided that the petitioner properly brought this action in this court and we therefore must now decide the question of whether a valid marriage exists. To do this the court must determine the question of the validity of the divorce (Loomis v. Loomis, supra).
Should the court recognize the validity of the Mexican divorce for the purpose of this lawsuit? Respondent does not seriously contend that the ex parte Mexican divorce, with jurisdiction over the petitioner based on publication in a Mexican newspaper *239 (presumably in the Spanish language), would meet the criteria for comity established in Rosenbaum v. Rosenbaum (309 N. Y. 371). He does contend that this decision is based on public policy, on the concept that the foreign court does not grant to the New York citizen due process of law, that this theory should not be extended for the benefit' of a noncitizen when neither she nor the marital res has had any contact with New York State. The petitioner argues that the integrity of the court system requires us to apply New York concepts. We feel the questibn is settled by the fact that the petitioner, while a noncitizen, is a. proper party before the court. It would certainly seem to be the public policy, if not the law, of this State that all persons properly before this court be accorded similar rights (see, N. Y. Const. art. I, § 14). It would be unsound, when our law clearly requires a husband to support his wife, to apply the law one. way to a citizen wife and in another manner to á noncitizen wife,. As was pointed out above, this is not a case where the petitioner picked this court to suit her own convenience.
The court, therefore, denies the respondent’s motion to dismiss the petition and schedules the matter for a fact-finding hearing in Part V on January 31 at 2:30 p.m.