OPINION OF THE COURT
Herbert B. Ray, J.
Respondent filed timely written objections to the order of the Hearing Examiner, entered November 20, 1990, which by its terms suspended respondent’s petition for modification of a prior support order pending respondent’s appearance before the court on an as yet unexecuted arrest warrant.
The order which respondent seeks to modify, dated March 10, 1989, was entered upon stipulation of the parties. It fixed child support payments and arrears, fixed three alternative emancipation events, directed child support payments be made through the Broome County Support Collection Unit and directed the respondent to "provide his changes of address at all times should he move from the address last known to *369 this Court by reporting such change in writing” as well as "future changes in employment status * * * within five days of any such change”.
The file reflects that on or about July 25, 1989 the Broome County Support Collection Unit filed a violation petition with Broome County Family Court alleging respondent failed to obey the court order of March 10, 1989. The petition was scheduled for a hearing on August 31, 1989. A summons was mailed to respondent at his last known address. When respondent failed to appear at the hearing, the matter was referred to Hon. Joseph Esworthy who issued a warrant for respondent’s arrest on September 5, 1989. The warrant remains unexecuted to date.
On October 15, 1990 respondent filed the instant petition. In it, he alleged a residence of Box 300, APO S.F. 96259. The respondent’s signature was notarized by Russell Bates, SS6, U.S. Army.
Respondent’s petition was scheduled before the Hearing Examiner on November 8, 1990. The court has reviewed the tape recording of that proceeding.
The Hearing Examiner initially noted the appearance of Bonnie A. in court as well as that of Edward Waples, Esq., for the respondent. The Hearing Examiner inquired as to whether Mr. A. would be present. Mr. Waples instructed the court his client was residing in South Korea. The Hearing Examiner then summarized his view by stating, "How can we proceed without him? Without him here, I’m not so sure I’m going to consider it * * * We have a warrant outstanding for this man for his failure to appear for violation hearing.” The balance of the record involved a colloquy between counsel and the Hearing Examiner relating in large part to the propriety of the Hearing Examiner’s viewpoint.
The order issued by the Hearing Examiner to which objections were filed is based upon his decision at the hearing on November 8, 1990.
There is some case law to support the proposition, that a resident of a foreign country may litigate support issues in New York where the opposing party is a resident of this State, even in cases where the foreign petitioner makes no personal appearance in our courts during the trial of the issue. (Matter of Ratner v Ratner, 73 Misc 2d 374 [Fam Ct, NY County 1973]; Matter of Stobl v Sawicki, 41 Misc 2d 923 [Fam Ct, Oneida County 1964]; Erdt v Erdt, 77 Misc 2d 236 [Fam Ct, Erie *370 County 1974].) Authority is not uniformly in support of the idea, however, and in all the reported cases it was the child’s custodian petitioning the court.
There is also case law, however, to support the use of an arrest warrant to obtain jurisdiction over a respondent in a civil proceeding for nonsupport. (Blouin v Dembitz, 367 F Supp 415 [SD NY 1973], affd 489 F2d 488 [2d Cir].) In Dembitz (367 F Supp, at 420), Judge Brieant wrote "where non-residents, regularly or temporarily within the state are concerned, we see no constitutional due process requirement which would prevent the state from obtaining jurisdiction over the defendant * * * by arrest in the first instance.”
The Dembitz case (supra) involved a civil rights action in Federal court wherein the plaintiffs, subject to as yet unexecuted arrest warrants, challenged the provisions of New York law regularly used in Family Court to compel their involuntary appearance in court under threat of arrest and incarceration. The District Court refused to grant plaintiffs relief on the basis that the relief they sought was in the nature of a habeas corpus remedy which was unavailable to plaintiffs in Federal court prior to their exhausting State law avenues. The court stated (supra, at 421), "Can we grant litigants against whom warrants are outstanding, but who, fortuitously, have not yet been arrested, greater access to the federal courts to litigate the issues affecting their liberty than we may extend to those who have actually been placed in state custody?”
The same logic applies in this case. On the one hand respondent seeks access to the court to litigate his own agenda while having taken no action to either appear on the support violation petition or to move to vacate service of the warrant issued for his failure to appear.
It is the conclusion of the court that under the circumstances respondent is seeking to appeal a nonfinal order for which no authority exists under section 439 (e) of the Family Court Act. The order at issue here is an interlocutory order taken to enforce a support order and is not, as such, appeal-able. (Matter of Dunbar v Hunter, 131 Misc 2d 706 [Fam Ct, Monroe County 1986]; Matter of Bogart v Bogart, 15 AD2d 529 [2d Dept 1961]; Gauquie v Gauquie, 17 AD2d 612 [1st Dept 1962].)
Accordingly, it is ordered the written objections filed by respondent are dismissed with leave to refile when a final order is entered in the proceeding.