HELEN WHITTON, Respondent, *v.* WILLIAM C. SCHULTZ, Appellant.

Third Department, March 3, 1943.

*Sol Rubenstein* for appellant.

*Howard A. Newman* and *Alfred L. Becker* for respondent.

BLISS, J. The parties were married May 27, 1926, in the State of California. For a short time thereafter they resided in New York State and then returned to California and resided there until October, 1927, when they separated. The plaintiff remained in California and defendant returned to New York where they have respectively resided ever since. On June 17, 1927, a daughter was born to them in California and

she has resided with her mother, the plaintiff, in California. On October 21, 1929, plaintiff obtained a judgment of divorce from defendant in the Superior Court of California, service being obtained by publication only. This decree awarded plaintiff custody of the child and reserved to the court power upon the personal appearance of defendant, or upon personal service in supplemental proceeding, to award alimony to plaintiff and compel payment by defendant to plaintiff of a reasonable sum for the support of the child. Each of the parties remarried. Plaintiff has supported the child in California continuously since the decree of divorce and now brings this action in our State for reimbursement for such support. Defendant claims that he is absolved by the law of California which makes the custodial parent liable and that plaintiff supported the child without expectation of reimbursement and in a style beyond his means. He also pleads the New York six-year Statute of Limitations and that a two-year California Statute of Limitations on unwritten contracts applies. He further claims that the California decree of divorce fixed this responsibility upon plaintiff and that she is now barred from raising this issue again. Each party moved for summary judgment and plaintiff's motion was granted to the extent of the support furnished during the past six years. Defendant appeals.

" Any State will enforce through its courts the duty to pay for necessaries of life furnished to a * * * minor child imposed by (a) the State of the domicil of the person upon whom the duty is imposed * * *." (Restatement, Conflict of Laws, § 459.) Comment in the Restatement on this section says: " The courts of any State will enforce the duty to pay for necessaries furnished a husband, wife or minor child provided the State whose law imposes the duty has legislative jurisdiction over the person upon whom the duty is imposed. A person is subject to the legislative jurisdiction of the State of his domicil * * *. Therefore, if by the law of the domicil of a person, he is required to pay for necessaries furnished to members of his family in that or any other State, such duty may be enforced in all States." Reason supports the foregoing rule and comment and so far as these questions have arisen in our State they are in accord with our own authorities. *Laumeier* v. *Laumeier* (237 N Y. 357) is in point. Plaintiff there obtained a divorce under a decree which contained no direction as to custody of the children or their support as it was then believed that there were none. A child was born to plaintiff after the divorce and she later moved to New York and maintained the child here. She

then brought action against her former husband for reimbursement for the support of the child. The Court of Appeals held that plaintiff was entitled to recover. In the earlier case of *De Brauwere* v. *De Brauwere* (203 N. Y. 460) the same court held a husband liable to his wife for reimbursement for necessaries of life suitable to their condition furnished by her to their children out of her separate estate. It said, however, that his pecuniary ability was an element to be considered upon the trial of the action if any question was raised as to the character of the expenditures for which the wife sought reimbursement.

Here we have a situation in which the defendant under the law of his domicil is liable to plaintiff for the support of his child for at least the past six years. Nothing in the decree of divorce absolved him from that responsibility for the court specifically reserved the right to compel him to pay plaintiff for such support should it later obtain jurisdiction over him. Consequently he may not now be heard to argue that the law of California applied. A New York father is none the less liable for necessaries furnished his minor child because such necessaries were furnished in another State which had neither legislative nor judicial jurisdiction over him.

Under the California statutes the parent who has the care and custody of the children is primarily liable for their support (California Civil Code, § 196), and one parent is not bound to compensate the other for the voluntary support of the child without an agreement therefor. (California Civil Code, § 208.) In an action for a divorce the court may make such order for the support of the children as it deems proper. (California Civil Code, § 138.) Here, however, no such order has been made because of lack of personal jurisdiction over the defendant. Nor did that State have legislative jurisdiction over him. Plaintiff is seeking to apply the New York law here and in our view defendant is subject to it because of his domicil here. Were these all the issues the order might be affirmed. But the defendant has pleaded defenses which, under the New York cases, may defeat the action if they can be established. We must assume that these allegations are controverted. They raise issues which remain to be tried. The motion papers are silent with respect to them and show no facts upon which a holding might be predicated that these defenses are without merit. I refer to the allegations of the second defense, viz., that plaintiff supported the child without any expectation of reimbursement, which may

be a good defense under *Swanton* v. *Curley* (273 N. Y. 325), and that such maintenance was in a manner beyond the financial ability of defendant. These are issues of fact to be tried. (*De Brauwere* v. *De Brauwere, supra.*) Both motions for summary judgment should have been denied.

The order should be reversed upon the law and facts without costs and an order granted denying each motion for summary judgment, without costs.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law and facts without costs and order granted denying each motion for summary judgment, without costs.