JESSIE R. DAM, Respondent, *v.* EVERETT S. DAM, Appellant.

First Department, December 22, 1944.

*Orson ·J. Weimert* of counsel (*George Emery Daniels,* attorney), for appellant.

*Frederick Katz* of counsel (*Joseph Feldman* with him on the brief; *Katz & Spector,* attorneys), for respondent. ·

*Per Curiam.* The law is well settled that if a father fails to support his child, the wife may recover the reasonable amounts she has expended out of her separate estate in discharge of his obligation. (*Laumeier* v. *Laumeier,* 237 N. Y. 357, 364–365.) However, the husband's pecuniary ability may be an element to be considered if any question is raised as to the character of the expenditures for which the wife seeks· reimbursement. (*De Brauwere* v. *De Brauwere,* 203 N. Y. 460, 465.)

Plaintiff is claiming expenditures of $12,000 over a period of eight years for the support of defendant's infant child. Whether the items involved are commensurate with defendant's means, constitutes an issue of fact affecting the obligation of defendant to pay and if so, how much. There is a further issue of fact as to whether plaintiff supported the child without any expectation of reimbursement from defendant. (*Swanton* v. *Curley,* 273 N. Y. 325, 329; *Whitton* v. *Schultz,* 265 App. Div. 583, 585; *Matter of Hamilton,* 70 App. Div. 73, 76, affd. 172 N. Y. 652; *Bloch* v. *Ballin,* 50 N. Y. S. 2d 732, 734.)

The order should be reversed, but without costs, and the motion denied.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, without costs, and the motion denied.