Nanette Dembitz, J.
In this proceeding for child support, the respondent father resides in New York County, and the petitioner mother has established permanent residence in Israel with the minor child of their marriage. The questions here presented -are whether the Family Court has jurisdiction óver this support petition by and on behalf of residents of a foreign country, and whether, if the court has jurisdiction, it can enter a support order without the personal appearance of petitioner. This court answers both questions in the affirmative.
JURISDICTION
Opinions have differed among the- Judges of the Family Court and its predecessor court as to whether the general grant of jurisdiction over petitions for child support (Family Ct. Act, §§ 411, 413) was intended to include a petition against a New York father by an out-of-country mother for an out-of-country child.[1] Insofar as jurisdiction was inferred from the provision authorizing support proceedings in the county of respondent’s residence,[2] this ground for assertion of jurisdiction was negated by the recent Court of Appeals ruling that such provision is merely a prescription of venue. (Matter of Caplan v. Caplan, 30 N Y 2d 941, 943.) However, in this court’s opinion, other appellate rulings establish that the Family Court has jurisdiction in the case at bar.
Adams v. Adams (272 App. Div. 29 [1st Dept.]), though unmentioned in recent opinions, appears to continue to be a controlling precedent. There the court upheld the power of the Domestic Relations Court of the City of New York (a predecessor of the Family Court) to order support for children living in New Jersey. It relied (p. 30) on the general principle that a New York domiciliary “is amenable to suit in our courts at the instance of nonresidents to enforce per *376 sonal liability ”.[3] The Adams decision preceded the enactment of the Uniform Support of Dependents Law,[4] which provides for reciprocal enforcement of support obligations between domestic States; reciprocity — viewed as a factor in some of the lower court decisions (see n. 1) — was ignored. The Adams holding thus appears applicable to support petitions by and for out-of-country residents as well as out-of-State residents.
For other appellate indications that Family Court support jurisdiction is restricted neither in terms of the place of residence of the petitioner or child nor in terms of reciprocity, see Doyle v. Doyle (261 App. Div. 1068 [1st Dept.]) and Di Martino v. Di Martino (269 App. Div. 781 [2d Dept.]) (facts underlying both Per Curiam rulings discussed in “ Almandares ” v. “ Almandares ” (186 Misc. 667, 670, 671 [Domestic Relations Ct. of City of N. Y.]; Landes v. Landes (1 N Y 2d 358, 365, 366), where the court-indicated that the Family Court has jurisdiction over a support petition by a nonresident for a nonresident child even apart from the Uniform Support of Dependents Law under which the case arose.
This court respectfully disagrees with the view in Morlock (cited n. 1) that specification in the Family Court Act of Family Court jurisdiction over reciprocal proceedings under. thex^ Uniform Support of Dependents Law was intended to foreclose other proceedings by and on behalf of nonresidents.[5] It is true that New York may have a lesser interest in providing a forum for the instant litigation than in the case of a resident child (cf. Matter of Bachman v. Mejias, 1 N Y 2d 575, 581) or a resident of a State with reciprocal support arrangements with . New York. Nevertheless, as suggested by Adams v. Adams (272 App. Div. 29, supra), there are particular and persuasive reasons’ to apply to child support proceedings the general principle that personal “ liability follows the person and may *377 be enforced wherever the person may be found ”.[6] For, despite the universality of a father’s obligation to support a young child — imposed both at common law[7] and, of instant relevance, by Israeli law[8] — the obligation cannot be enforced in this as in many other cases unless New York supplies a forum. For New York nevertheless to read a limitation of subject matter jurisdiction into the Family Court Act, seems an unjust breach of international comity; comity connotes broad receptivity to suits by foreign residents or on foreign laws rather than specific reciprocity. (See Russian Reinsurance Co. v. Stoddard, 240 N. Y. 149, 168; Clark Plastering Co. v. Seaboard Sur. Co., 259 N. Y. 424, 429; Rosenstiel v. Rosenstiel, 16 N Y 2d 64, 74.)[9] Moreover, New York’s interests would be disserved by a restriction of support jurisdiction that would tend to coerce the movement of out-of-country children to New York to secure support even when such a move would be contrary to the welfare of the child and therefore of this State.
Since the Family Court is a court of limited jurisdiction, it can only enforce the support obligations specified in the Family Court Act. However, its exercise of jurisdiction over child support petitions by and for nonresidents against New York-domiciled fathers occasions no conflict of laws problem. The obligation of a father to his child depends on the laws of the father’s place of domicile. (Whitton v. Schultz, 265 App. Div. 583, 584-585, [3d Dept.]), and in any event is similar from place to place.
PROCEDURE
It is conceded that petitioner has regular employment in Israel, that she thereby contributes to the support of herself and her child, that deprivation and hardship would be inflicted on them both if she were required to appear in person in this proceeding, and that she is the only person capable of testifying in support of the petition. On these grounds, petitioner’s attorney moves for leave to support the petition by submitting a deposition to be taken from petitioner in Israel.
*378 The CPLR provision on the use of depositions, which appears controlling herein because an appropriate “ working tool ” (Matter of Schwarts v. Schwarts, 23 A D 2d 204, 208 [1st Dept.]; Family Ct. Act, §> 165), provides that at a trial:
“ The deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking-of the deposition or who had the notice required under these rules, provided that the court finds: ¿a jt, •JP •?? w
“ (ii) that the witness is at a greater distance than, one hundred miles from the place of trial or is out of the state, unless it -appears that the absence of the witness was procured by the party offering the deposition; or * * *
“(v) upon motion or notice, that such exceptional circumstances exist as to make its use desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court.” (CPLR 3117, subd. [a], par. 3).
The introductory phrase “deposition of any person” in the above provision has been interpreted as including, a party as well as a nonparty witness and thus as authorizing, subject to the conditions thereafter specified, the use of a nonappearing party’s deposition at trial. (See Wojtas v. Fifth Ave. Coach Corp., 23 A D 2d 685 [2d Dept.]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 31-228, n. 7 (comment after first-cited case) and p. 31-229.[10] It seems unlikely that the CPLR was intended to eliminate completely the prior rule that under exigent circumstances the deposition of a nonappearing party may be admitted in evidence. (See Hill v. Hudson View Gardens, 13 A D 2d 730 [1st Dept.].) And while the language of clause (ii) may suggest an intention to cover only nonparty witnesses therein, clause (v), referring to the general principle as to oral testimony, appears to use the term “ witnesses ” in the generic sense of anyone giving evidence whether or not a party.[11]
Applying CPLR 3117 (subd. [a], par. 3, cl. [v]), as thus construed, to the case at bar, the facts here meet the test of ‘ ‘ exceptional circumstances ’ ’ needed to justify úse of petitioner’s deposition at trial. Respondent concededly has'failed to make regular support payments for his son; and even if *379 the court were to consider petitioner’s trip to New York to prosecute this action as an item of child support for which respondent would be liable,[12] petitioner might fail to collect such reimbursement either because of respondent’s lack of means or because of difficulty in enforcement. Thus, her trip might well result in an increased unpaid amount of child support.
As to the other element specified in CPLR 3117 (subd. [a], par. 3, cl. [v]) — the importance of oral testimony — the significance of petitioner’s appearance and of her in-courtroom cross-examination is reduced by reason of limited nature of the evidence she must supply in support of her petition. (Cf. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 31-164, n. 2; Woods v. National Life & Acc. Ins. Co., 380, F. 2d 843, 846, n. 8 [C. A. 3d, 1967].) Respondent’s paternity and therefore his obligation to support, is conceded. (Cf. Matter of Meyers v. Meyers, 29 Misc 2d 163, 165 [Sup. Ct., Nassau County].) Petitioner must therefore only establish, at the outset, the facts as to the relatively uncomplicated issue of the child’s needs.
That petitioner’s use of a deposition to support her petition is a feasible and fair procedure, is demonstrated by the provision for like procedure in the Uniform Support of Dependents Law and the decisions upholding support orders thereunder. (Landes v. Landes, 1 N Y 2d 358, 366, supra; Matter of Rinner v. Cannon, 33 A D 2d 923 [2d Dept.]; Michel v. Michel, 31 A D 2d 313 [4th Dept.].) While the deposition procedure there is countenanced by reciprocal legislation and here by petitioner’s “ exceptional circumstances ” within the prescription of CPLR 3117, there is no difference from the standpoint of the effect on a respondent’s rights of a petitioner’s nonappearance. And see Dutton v. Evans (400 U. S. 74, 95-96 [Hablan, J. concuring]) as to a general 11 development of the law of evidence to eliminate the necessity for production of declarants where production would be unduly inconvenient and of small utility to a defendant.”
Accordingly, in the interests of justice petitioner will be permitted to proceed by deposition. Petitioner is to attach to her deposition as exhibits (see CPLR 3116, subd. [e]) as many documents as available in support of her' assertions (e.g., leases, bills, etc., such as are frequently submitted by petitioners testifying as to children’s needs.) Petitioner will be
*380 required to answer, any written interrogatories respondent wishes to submit. Respondent has the option of questioning her by open commission but at his expense.[13] Respondent’s protection is that petitioner in all events has the burden of proof and if her answers appear unreliable or evasive the petition will be dismissed unless she appears in person. (Cf. Gruss & Son v. Lumbermen’s Mut. Cas. Co., 41 F. R. D. 279, 282 [S. D. N. Y., 1966]; Albert v. Banken, 34 Misc 2d 824, 826 [Sup. Ct., N. Y. County].)

. “Buenos” v. “Buenos” (189 Misc. 262) asserting jurisdiction; “Kaplan” v. “Kaplan,” (197 Misc. 687, 690) following “Buenos”; Matter of Strobl v. Sawicki (41 Misc 2d 923) asserting jurisdiction with its exercise conditioned on reciprocity with country of child’s residence; Matter of Rohonczy v. Rohonczy (51 Misc 2d 443) asserting jurisdiction regardless of reciprocity; Matter of Morlock v. Morlock (57 Misc 2d 688) holding that court has no jurisdiction over petition by and on behalf of foreign residents; Matter of Stanley T. v. Tadensz L. (62 Misc 2d 481) accord with Strobl.

. Family Court Act, § 421. See “Buenos” (189 Misc. 262, 264) and “Almandares” v. “Almandares” (186 Misc. 667, 670).

. Adams is particularly noteworthy because it answered a question explicitly posed but unanswered in Wagner v. Wagner (257 App. Div. 307 [1st Dept.]).
In Adams the court relied on the provision of the Domestic Relations Court Act of the City of New York which was reenacted as section 42l of the Family Court Act and was held in Caplan (supra) merely to prescribe venue. While the provision had been headed “Residential jurisdiction” in the Domestic Relation? Court Act (see L. 1942, eh. 761, § 8), it appears that the Adams decision on subject matter jurisdiction was not attributable to this nonmenclature but to the general principle of access to the courts, quoted above.

. Domestic Relations Law, art. 3-A.

. Section 411 of the Family Court Act appears in this respect intended only to place in a logical position a reiteration of subdivision 2 of section 31 of the Domestic Relations Law.

. Mertz v. Mertz (271 N. Y. 466, 470).

. Laumeier v. Laumeier (237 N. Y. 357, 364-365); Landes v. Landes (1 N Y 2d 358, 365).

. See Laws of State of Israel, Family Law Amendment (Maintenance Law, 5719-1959, No. 21) § 3, par. (a).

. Nevertheless it may be noted that Israeli law appears to authorize proceedings against Israeli residents for support of children in foreign countries, thus establishing reciprocity for the instant type of case. See Laws of State of Israel, cited n. 8, § 17, par. (b).

. Compare Zilken v. Leader (23 A D 2d 644 [1st Dept.]), permitting plaintiff, a German resident, to take Ms own pretrial deposition and denying defendant’s motion for plaintiff’s pretrial appearance for oral examination.

. There appear to be no pubished opinions construing these subparagraphs with respect to whether they afford justification for use of a npnappearing party’s deposition at trial.

. Compare Accardo v. Accardo (40 A D 2d 847 [2d Dept.]), directing plaintiff husband to pay traveling expenses for wife from California to New York to enable her to appear at divorce trial.

. See CPLR 3108; Bottalico v. Seaboard Coast Line R. R. Co., 33 A D 2d 756 (1st Dept.); Osborne v. Miller, 30 A D 2d 654 (1st Dept.).