Arthur J. Abrams, J.
The facts underlying the case at bar are as follows: On February 27, 1970, a temporary support order was entered by this court wherein the respondent was ordered to pay the sum of $25 per week for the support of his three infant children. Said order was amended on June 25,1970 and the sum increased to $50 per week for support and continued by further order of this court dated June 16, 1971 wherein the respondent was granted certain visitation privileges. Thereafter, on October 28, 1971, the existing Family Court order was made part of a divorce decree of the Supreme Court of Suffolk County. That petitioner herein subsequently moved to fix arrears and for entry of a money judgment against the respondent and on February 22, 1972 an order was granted by this court whereby the arrears were fixed and a money judgment was granted. Petitioner herein subsequently moved to Massachusetts, and on February 27, 1974 initiated a uniform support of dependents proceeding against the respondent. That on March 26, 1974 temporary order of support, without prejudice, was entgred on said uniform support of dependents law petition directing the respondent to pay $20 per week for the support of the youngest child, Ralph A. Iannone.
Respondent now moves by order to show cause requesting that the prior support order granted by this court, upon which the above-mentioned order fixing arrears and granting a money judgment was entered, be vacated and set aside as of January *295 20, 1973, the date alleged by respondent as to when the petitioner left the State of New York and commenced residence in Massachusetts.
There are two issues presented in this case: 1. Does the court have jurisdiction to entertain respondent’s motion, and
2. If so, should we vacate the above-mentioned court order as requested by respondent? The court, in this decision, directs itself to the first issue, to wit: jurisdiction.
By his moving papers respondent relies on section 451 of the Family Court Act, which states, “ The court has continuing jurisdiction over any support proceeding * * * until its judgment is completely satisfied ’ ’. Attorney for petitioner argues that the court lacks jurisdiction to hear respondent’s motion by reason that the Family Court is a court of limited jurisdiction, and thus having only those powers conferred upon it by statute, the process of the Family Court does not reach beyond the State of New York.
That the Family Court is a court of limited jurisdiction is not to be disputed. (See “Moses” v. “Moses”, 193 Misc. 890, and Borkowski v. Borkowski, 38 A D 2d 752.) That its process is State-wide only is also not to be questioned. (See Family Ct. Act, § 154.) However, the above must not be read in a vacuum. The rule of continuing jurisdiction in support matters as set forth in section 451 of the Family Court Act must be considered. Said section along with section 458 of the Family Court Act ‘ ‘ vests the court with a continuing plenary and supervisory jurisdiction, including specifically the power to modify or vacate any prior support order and to cancel any and all arrears thereunder (Pavich v. Pavich, 24 A D 2d 482, 483.) The application by respondent in the instant case is not de novo but is made in reference to a pending court order. At the time of issuance of said court order the court had both subject matter and personal jurisdiction of the parties. The court, therefore, has continuing jurisdiction in this matter. (See “ Primavera ” v. “ Primavera ”, 195 Misc. 942; Hunter v. Hunter, 41 A D 2d 772.) Moreover, It is a well-settled principle that “ jurisdiction once acquired is not defeated by subsequent ■ events, even though they are of such character as would have prevented jurisdiction from attaching in the first instance ’ ’. (See “Primavera” v. “Primavera”, supra; “Moses” v. “ Moses ”, supra, p. 897, citing 15 C. J., Courts, § 135; 21 C. J. S., Courts, § 93, and cases cited.) On the facts of this case, the wife while residing in Massachusetts, would not be precluded from seeking enforcements of the pending Family Court order in *296 our court even though she resides outside of the court’s jurist diction. (See Adams v. Adams, 272 App. Div. 29; Matter of Ratner v. Ratner, 73 Misc 2d 374.) To preclude the respondent from using our court to request relief with respect to the same order would he unduly unfair and visit undue hardship upon respondent husband.
It is, therefore, this court’s decision that it has jurisdiction to entertain respondent’s motion and counsel are given 20 days from the date of this decision to submit any memorandums they desire with reference to the second issue to be decided in this case, that being whether or not the pending order of this court should be vacated as of January 20, 1973, the date petitioner allegedly left the jurisdiction of this court.