OPINION OF THE COURT
Elrich A. Eastman, J.
Petitioner, Mary F. B., an American resident of Paris, France, invokes the jurisdiction of this court by means of a petition for support verified September 9, 1981 and filed herein on September 10, 1981. Respondent, presently residing and employed in the State óf New York, moves to dismiss her petition on the ground that there is currently a prior action pending in Paris, France, in the nature of a divorce proceeding commenced by him, prior to the commencement of this proceeding. In the French matrimonial proceeding, a temporary order of support was entered in favor of petitioner granting her alimony, pendente lite, and child support.
Respondent contends that this court lacks jurisdiction herein by reason of section 464 of the Family Court Act unless the matter of support was specifically referred to it or the petitioner is likely to become a public charge.
The Family Court’s jurisdiction to entertain these proceedings as noted by this court in Matter ofRatner v Ratner (73 Misc 2d 374, 375-376) is premised upon “the general principle that a New York domiciliary ‘is amenable to suit in our courts at the instance of nonresidents to enforce personal liability’.” (See, also, Adams v Adams, 272 App Div 29.) And, while the Family Court is a court of limited jurisdiction, a father’s support obligation, as defined by the Family Court Act “depends on the laws of the father’s place of domicile.” (Matter ofRatner v Ratner, supra, at p 377.) Section 421 of the Family Court Act sets forth the appropriate place of venue. It provides in part: “Proceedings to compel support under this article may be originated in the county in which (a) the respondent is residing or is domiciled at the time of the filing of the petition for support”.
*477 Under section 422 of the Family Court Act, this petitioner is a qualified person to originate such proceedings since under the statutory scheme a wife “may originate a proceeding under this article to compel a person chargeable with the support to support the petitioner as required by law.” Thus, clearly, this petitioner may invoke this court’s jurisdiction to fix support.
However, also at issue is the affect of the French divorce proceedings currently adjourned to March 4, 1982 upon this proceeding in view of the statutory proscription set forth in section 464 of the Family Court Act and CPLR 3211 (subd [a], par 4).
This court in reviewing section 464 of the Family Court Act, stated in Matter of LaMonde A. v Leon A. A., 111 Misc 2d 781, 782): “It is apparent from a careful reading of the statute, that it was intended to apply where an action has been brought in Supreme Court prior to the institution of a support action in Family Court.” Indeed, all relevant case law pertaining to the applicaxbility of section 464 of the Family Court Act relates to the pendency of an action in the Supreme Court of the State of New York. (See Matter of Fischman v Fischman, 51 AD2d 725; McKay v McKay, 82 Misc 2d 929; Montes v Montes, 54 AD2d 627.) It is therefore apparent that this statutory provision does not affect this court’s authority to exercise jurisdiction in a case where a French court is exercising simultaneous jurisdiction in a divorce proceeding between the parties.
CPLR 3211 (subd [a], par 4) “is designed to avoid duplicative litigation and implements its design by permitting the court to dismiss the action whenever it is shown that another action between the same parties on the same cause is pending elsewhere. The elsewhere need not be a New York Court; it can be a federal court anywhere in the country, or a court in another state.” (Siegel, New York Practice, §262, p 321.) As Professor Siegel indicates, CPLR 3211 (subd [a], par 4) is intended to apply in the case of actions pending within the United States. (See ABKCO Inds. v Lennon, 85 Misc 2d 465, 471.)
Another available basis for this court’s refusal of jurisdiction is the equitable doctrine of forum non conveniens or inconvenient forum. (CPLR 327.) This doctrine, *478 largely a product of case law, is applied in cases where a New York court technically may exercise jurisdiction but because of insubstantial New York contacts it is decided jurisdiction is best exercised by another forum. In the case of Silver v Great Amer. Ins. Co. (29 NY2d 356, 361), the New York Court of Appeals held that the doctrine “should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties.” (See Varkonyi v S. A. Empresa de Viacao Airea Rio Grandense Warig], 22 NY2d 333, 337.) In the present case respondent is a resident of New York and hence, any inconvenience which could result by this court’s entertainment of jurisdiction would be to the petitioner who is a resident of France. Petitioner’s willingness to come to respondent’s place of residence indicates that no harm would result from proceeding with the instant action in Family Court. (See ABKCO Inds. v Lennon, 85 Misc 2d 465, 471, supra.)
The final basis for this court to decline jurisdiction is pursuant to the doctrine of comity. CPLR article 53 takes cognizance of New York’s willingness to recognize foreign country judgments, particularly money judgments. Nevertheless, CPLR 5302 makes clear that it is to be applied in the case of “any foreign country judgment which is final, conclusive and enforceable where rendered”. The judgment by the French court represents a temporary support order only and hence would not prevent this court from making a permanent support award. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5302.)
Notwithstanding the petitioner’s election to invoke this court’s jurisdiction to enter an appropriate support order herein, she also requests in her moving papers enforcement of the French court’s temporary order of support, under subdivision (c) of section 466 of the Family Court Act.
Section 466 of the Family Court Act provides:
“(c) *** if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may
*479 “(i) entertain an application to enforce the order or decree granting alimony or maintenance, or
“(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been á subsequent change of circumstances and that modification is required.”
In the case of Schapiro v Schapiro (57 AD2d 840, 841), the Appellate Division, Second Department, indicated that this court’s jurisdiction under subdivision (c) of section 466 of the Family Court Act is discretionary. (Matter of Chesta v Chesta, 74 Misc 2d 548, 552; Matter of Mollie B. v Maurice B., 74 Misc 2d 867, 870.) Indeed, the language of subdivision (c) of section 466 of the Family Court Act indicates that this court “may” exercise jurisdiction to enforce or modify an out-of-State order. In the case of Matter of Mollie B. v Maurice B. (supra), my colleague Judge Dembitz held that temporary support orders came within the purview of subdivision (c) of section 466 of the Family Court Act. Nonetheless this court is not inclined to enforce the French order in part, because of the nature of the relief petitioner seeks and the possibility of having to interpret French law. The Family Court is a court of limited jurisdiction and may only enforce, support obligations set forth in the Family Court Act (Matter of Ratner v Ratner, supra, at p 377). The petitioner would have this court stay its proceedings while awaiting the decision of the French tribunal. This court has a duty to prevent forum shopping. Petitioner may choose to have the issues of support determined by either the New York Family Court or may await the decision of the French tribunal. If petitioner elects to pursue her case in Family Court, then this court will determine the financial circumstances of the parties de novo.
For the foregoing reasons respondent’s motion to dismiss and petitioner’s motion for summary judgment are denied. The matter is set down for a hearing before the hearing examiner on February 19, 1982.