OPINION OF THE COURT
Leon Deutsch, J.
In this petition for support, brought on by order to show *371 cause on March 12, 1986, the petitioner wife, a resident of the State of Israel, seeks support for herself and her seven children.
The parties were married in New York in 1966. In August of 1983 the entire family moved to Israel and in August of 1984 the respondent returned to New York with one son, age 15. Petitioner applied to the Rabbinical Court in Israel seeking support, custody and other relief. That court, after an apparently ex parte proceeding, gave custody of the children to the petitioner, ordered that the child who left Israel with the respondent be returned, and issued what can best be described as an order of protection.[1] A further order of the court obligated the respondent husband to pay to the petitioner "shekels in the equivalent of four hundred dollars monthly, according to the current rate for support of the wife and their five children”.[2]
The petitioner has moved for a hearing de novo before a hearing examiner on the issue of support, and for an order permitting the matter to proceed without the presence of the petitioner who requested that her burden of proof be met by the statements which she affirmed in the petition. She also requested that if the respondent wished to examine her, that he do so in Israel at his expense.
Respondent argued that as the matter was before the Rabbinical Court in Israel, this court should deny the motion for a hearing de novo on the issue of support.
This court has ordered a temporary order of support in the sum of $400 per month based upon the Israeli decision.
Petitioner’s motion is granted in part and denied in part.
The court must first determine whether the Israeli Rabbinical Court was indeed a court of competent jurisdiction and, if so, it had jurisdiction over the parties in the case at bar.
*372 The Laws of the State of Israel, Rabbinical Courts Jurisdiction (Marriage & Divorce) Law, 5713-1953 (No. 83) state:
"1. Matter of marriage and divorce of Jews in Israel, being nationals or residents of the State, shall be under the exclusive jurisdiction of rabbinical courts.
"2. Marriages and divorces of Jews shall be performed in Israel in accordance with Jewish religious law.
"3. Where a suit for divorce between Jews has been filed in a rabbinical court, whether by the wife or by the husband, a rabbinical court shall have exclusive jurisdiction in any matter connected with such suit, including maintenance for the wife and for the children of the couple.
"4. Where a Jewish wife sues her Jewish husband or his estate for maintenance in a rabbinical court, otherwise than in connection with divorce, the plea of the defendant that a rabbinical court has no jurisdiction in the matter shall not be heard * * *
"6. Where a rabbinical court, by final judgment, has ordered that a husband be compelled to grant his wife a letter of divorce or that a wife be compelled to accept a letter of divorce from her husband, a district court may, upon expiration of six months from the day of the making of the order, on the application of the Attorney General, compel compliance with the order by imprisonment.”
It is clear from the Israeli statute, that as between Jews in Israel the Rabbinical Court is a court of competent jurisdiction to determine the matters of spouse and child support.
The court further finds that the Rabbinical Court has jurisdiction over the respondent. It is not disputed that petitioner has lived in Israel since August of 1983 and that the respondent husband lived there until August of 1984 when he relocated to the United States, for whatever reason, leaving the petitioner wife and six of their children in Israel. There are two Israeli Rabbinical Court decisions and orders regarding the parties. One of those, which is the subject of this proceeding, compelled the respondent to pay the petitioner in shekels the equivalent of $400 per month. (See, n 2, supra.)
In his affirmation in opposition respondent’s counsel states that "since [the Rabbinical Court decision] was given in the absence of the respondent, the Israeli Court had before it the most favorable view of the proceedings as presented by the petitioner and there is no reason to believe or not to accept the Israeli Court’s evaluation of what the true needs of the *373 petitioner and the children truly are”. On May 16, 1986 upon oral argument of this matter respondent’s counsel stated "I don’t understand how the American courts can just disregard what is going on by an Israeli court in a case that is presently in the Israeli Courts”. Respondent’s counsel also stated on the record "[A]s long as I will be in this case this man will abide by that Rabbinical Court decision of $400 a month”.
In addition, attached to respondent’s answering papers is a letter translated from Hebrew to English written by Rabbi D. Frankel, the Rabbinical Pleader for the petitioner, dated April 13, 1986. It is not clear as to whom the letter was addressed but it was submitted by respondent’s counsel as an exhibit to show that the matter was properly before the Israeli Rabbinical Court. The letter noted that Rabbi Frankel was notified by a Rabbi Zvi Weinmann that he was a Rabbinical Pleader in Israel and that he represented the respondent husband. Item No. 10 in that letter states that Rabbi Weinmann "represents Mr. Moshe S. only at the Rabbinical Court with regards to all demands which were claimed at the Rabbinical Court, that is: divorce, alimony and children’s support”.
Thus, this court finds, based upon the papers submitted by the respondent and based upon the oral argument before this court, that the Israeli Rabbinical Court had and has jurisdiction over the respondent both by the mechanics of Israeli law and via his submission to the jurisdiction of that court.
Family Court Act § 461 (b) states:
"If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may
"(i) entertain an application to enforce the order requiring support; or
"(ii) entertain an application to modify such order on the ground that changed circumstances requires such modification” (emphasis added).
Similarly, Family Court Act § 466 (c) states:
"or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may
"(i) entertain an application to enforce the order or decree granting alimony or maintenance, or
"(ii) entertain an application to modify the order or decree *374 granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required.” (Emphasis added.)
The Appellate Division, Second Department, in Matter of Schapiro v Schapiro (57 AD2d 840, 841 [1977]), held that in a case involving a Mexican divorce, that the Family Court in its discretion could "decide whether to entertain an application to enforce or modify a foreign decree”. In Matter of Silver v Silver (36 NY2d 324, 327 [1975]), the Court of Appeals held that the purpose of Family Court Act § 466 (c) was to provide "a quick remedy for a spouse who finds that the particular level of support then in effect under the foreign decree is no longer adequate.” This rationale applies equally to Family Court Act § 461 (b).
It is obvious that the Rabbinical Court decision at issue is basically unenforceable unless New York "supplies a forum” (Matter of Ratner v Ratner, 73 Misc 2d 374, 377 [Fam Ct, NY County 1973]). Thus, in the interest of justice, this court will grant comity to the order of the Rabbinical Court and will deny petitioner’s motion for a hearing de novo. However, the court will treat this matter, sua sponte, as an action for a violation of an order of support properly made by a foreign court of competent jurisdiction and as a petition for an upward modification of such order.
Having thus decided, the next issue to be determined is whether to grant petitioner’s request that she be permitted to rest her case on the contents of her petition herein and that any examination of her by respondent be at respondent’s expense in Israel.
In Ratner v Ratner (supra), the court addressed this issue. The court noted that CPLR 3117 (a) (3) (ii) and (v) were applicable since they provided for the use of a deposition of "any person” by "any party for any purpose against any other party who was present or represented at the taking of the deposition” where the court finds that the witness is over 100 miles from the place of trial or out of State or that "exceptional circumstances exist” so that it is in the interest of justice to permit such deposition. The court is also required to give "due regard to the importance of presenting the testimony of witnesses orally in open court”. As in the Ratner case (supra), this statute is applicable to the case at bar.
The petitioner is clearly 100 miles from the place of trial and out of New York State. There are exceptional circum *375 stances which are: her distance and her apparent inability to afford the trip to prosecute this matter which would require that she leave her children in Israel or that she bring them to the United States with her. In Ratner (supra, p 379), the court pointed out that the importance of in-court oral testimony in such a proceeding was de minimis because the petitioner must establish "the facts as to the relatively uncomplicated issue of the child’s needs.” The Ratner court noted that in cases involving the Uniform Support of Dependents Law (USDL), the cases are usually decided via deposition, and although the use of the deposition is based upon reciprocity between the jurisdictions, that court held there was no difference between a USDL matter and one where the petitioner lives in a foreign country with no reciprocity "from the standpoint of the effect on a respondent’s rights of a petitioner’s nonappearance.” (supra, p 379.)
Thus, this court grants the second part of petitioner’s motion and holds that the petitioner may rest her case upon the contents of her petition and that any examination of the petitioner may be via interrogatories sent to Israel or via open commission at the respondent’s expense.[3]
Respondent’s counsel also raised the issue, upon oral argument, that this court cannot accept jurisdiction of the wife’s petition, because the husband initiated a divorce action in the Supreme Court, and, therefore, jurisdiction properly belongs in the Supreme Court. This court disagrees. As the divorce proceeding was commenced subsequent to the commencement of this petition in the Family Court, this court will retain jurisdiction over the matter, and especially in light of petitioner’s pending motion in the Supreme Court to dismiss respondent’s action for divorce.
Respondent also argues that the petitioner wife by appearing in the Supreme Court action and by moving in that court, that all matters between the parties be resolved in Israel, while pursuing the instant matter in the Family Court, is raising inconsistent and incompatible issues of law and that petitioner is in a sense "forum shopping”. Again this court does not agree.
Petitioner wife commenced this Family Court action to enforce her Israeli order of support, and subsequently respondent husband commenced a divorce action in Supreme Court. *376 Although petitioner states that she would rather have all of the issues litigated in Israel, her failure to defend in the Supreme Court would result in her default. In this court, she seeks support because she has no other way of enforcing the Israeli decree in Israel. Such an apparent inconsistent position was recently held not to be prejudicial to a party who participated in a Supreme Court matrimonial action after a Rabbinical arbitration which involved many of the same issues which were before the court. (Nussencweig v Nussencweig, NYLJ, June 6, 1986, p 14, col 3 [Sup Ct, Kings County].)
It is clear that central to the dispute between these two Jewish parties is the issue of a Get or religious divorce. Petitioner’s attorney argues that petitioner wishes to litigate the entire matter, including the Get, in Israel. Respondent’s counsel argues that his client would readily do so, but for the fact that a Get given in Israel by someone who regularly resides in the United States would not be considered a valid divorce by the State of New York, despite the fact that it would be recognized as such in the State of Israel. A reading of some of the relevant case law leads this court to conclude that a Get granted by the Rabbinical Court in Israel would probably be valid in New York State. For a useful discussion relative to this particular aspect see, Bleich, Jewish Divorce: Judicial Misconceptions and Possible Means of Civil Enforcement (16 Conn L Rev 201 [1984]). (Also see, Matter of Sherif v Sherif, 76 Misc 2d 905 [Fam Ct, NY County 1974].)
However that may be, this court is not required to address that issue and does not. The petitioner wife and her children are certainly domiciled in the State of Israel (see, Domestic Relations Law § 61). The respondent husband moved to Israel with petitioner wife and their children, and one year later left the wife and all but one of the children to return to this country. It is obvious from his papers and oral arguments that he is participating in the Rabbinical Court action in Israel which has appropriate jurisdiction of the matter and of the parties. It is certain that this petition by the wife preceded the husband’s action for divorce in the Supreme Court, that jurisdiction in the Supreme Court is in dispute, and that there has been neither final acceptance by the Supreme Court of jurisdiction of the respondent’s divorce action not preemption by the Supreme Court of the proceeding in the court. If the respondent, as he argues, wishes to have all of the matters decided before one judicial tribunal, this court would encourage him to go to Israel and have the entire matter resolved *377 before that country’s court of competent jurisdiction — the Rabbinical Court.
Accordingly, petitioner wife’s application is deemed to be a petition to enforce and modify upward an order of support by a competent court of jurisdiction not of the State of New York pursuant to Family Court Act § 461 (b), and, as such, she is permitted to prosecute the petition in this court. Respondent husband is permitted, if he chooses, to examine the petitioner wife pursuant to the provisions of CPLR 3117 (a) (3) (ii) and (v) in the State of Israel at his expense.

. Decision of Rabbinical Court of Kiryath Arba (Nov. 26, 1984) as translated and submitted with petitioner’s order to show cause.

. Decision of Rabbinical District Court of Kiryath Arba (Mar. 4,1985) as translated and submitted with petitioner’s order to show cause.
The court notes the discrepancy between the number of children listed in this order, the original of which is handwritten, and the actual amount of children which the parties have. This is probably due to the fact that one child was over 17 and, in Israel, the obligation for child support is, generally, until age 15 (see, Schereschewsky, Dinai Mischpacha [Laws of the Family], at 371 [Hebrew 1967]), and another child was living in the United States with the father.

. The court notes that this issue was not addressed by the respondent’s answering affirmation or upon oral argument by respondent’s counsel.