■ In the Matter of DIANE L., Appellant, v MARTIN L., Respondent. [650 NYS2d 292] —In a proceeding to register and enforce a foreign order of child support pursuant to Domestic Relations Law § 37-a, the petitioner appeals from (1) an order of the Family Court, Nassau County (Pudalov, J.), entered September 2, 1994, which, *sua sponte,* vacated all previous orders of the court in the proceeding and dismissed the proceeding, and (2) an order of the same court, dated January 26, 1995, which, *inter alia,* denied her motion to restore the proceeding to the calendar.

Ordered that on the Court's own motion so much of the appellant's notice of appeal as purports to appeal from the order entered September 2, 1994, which, *sua sponte,* vacated all previous orders of the court in the proceeding and dismissed the proceeding, is treated as an application for leave to appeal from that order, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 2, 1994, is modified by deleting the provision thereof which vacated all orders of the court in the proceeding and dismissed the proceeding, and substituting therefor a provision vacating the order which determined that the respondent had violated a pendente lite order of support of the State of New Jersey, imposed a period of incarceration, and suspended sentence; as so modified, the order entered September 2, 1994, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated January 26, 1995, is dismissed as academic in light of this Court's decision on the appeal from the order entered September 2, 1994.

The petitioner commenced an action for a divorce in the State of New Jersey and obtained a pendente lite order of child support there. She then registered the New Jersey support order in the Family Court, Nassau County, pursuant to Domestic Relations Law § 37-a. In April 1994 the Family Court, Nassau County, found the respondent to be in willful violation of the New Jersey child support order and sentenced him to a period of incarceration, but suspended the sentence for so long as he continued to pay the court-ordered child support plus $500 per month toward arrears. On May 5, 1994, the parties entered into a consent order in the New Jersey court pursuant to which, in exchange for a payment of $7,500 by the respondent, the petitioner agreed that she would not seek to have the respondent incarcerated for any arrears which accrued prior to that date. Thereafter, presumably after discovering the New Jersey consent order, the court *sua sponte* vacated all of its prior orders in the matter, including the order which found that the respondent had wilfully failed to pay support and imposed, then suspended a sentence of incarceration, and dismissed the petitioner's proceeding to register and enforce the foreign child support order pursuant to Domestic Relations Law § 37-a. The petitioner moved to restore the matter to the calendar, but her motion was denied on the ground that she had not demonstrated that she was likely to become a public charge as required by Family Court Act § 464, and because the court found that she was improperly seeking the same relief in two jurisdictions. We disagree.

The consent order entered in New Jersey, whereby the petitioner agreed not to seek the incarceration of the respondent for arrears of child support, essentially superseded the order imposing a period of incarceration and suspending the sentence as that order was addressed to those very arrears. The court properly vacated that order. However, by the express terms of the consent order any arrears remaining after the payment of the $7,500, were unaltered and were not vacated, and the New Jersey pendente lite order of support remained in effect. The petitioner was still entitled to enforce that order in the Family Court, Nassau County, pursuant to Domestic Relations Law § 37-a; she simply could not seek to incarcerate the respondent for arrears which had accrued prior to the consent order. Therefore, the court improperly dismissed the proceeding pursuant to Domestic Relations Law § 37-a to register and enforce the New Jersey pendente lite order of child support.

The requirements of Family Court Act § 464 apply only where the matrimonial action is in the Supreme Court of the

State of New York, and not where the matrimonial action is in a foreign jurisdiction (see, Family Ct Act § 411; *Matter of Mary F. B. v David B.*, 112 Misc 2d 475; *cf., Lebedeff v Lebedeff,* 17 NY2d 557, 559). That the petitioner is seeking the same relief, i.e., child support, in the action in New Jersey does not subject her registration of the foreign order to dismissal here as the Uniform Support of Dependents Law (Domestic Relations Law art 3-a) provides an additional or alternate means of enforcing her right to child support (see, *Matter of Rauch v Rauch,* 201 AD2d 276; *Matter of Minch v Minch,* 117 AD2d 737).

We have examined the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.