■ In the Matter of DIANE L., Appellant, v MARTIN L., Respondent. [669 NYS2d 855] —In a proceeding to register and enforce a foreign order of child support pursuant to Domestic Relations Law § 37-a, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Pudalov, J.), dated June 12, 1997, as granted the

respondent's motion to vacate the income execution and to dismiss the underlying uniform support petition.

Ordered that the order is modified, on the law, by deleting the provision of the order which dismissed the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In a prior appeal to this Court by the wife, the respondent former husband raised his present claim that the underlying New Jersey pendente lite child support order was extinguished by the entry of a dual judgment of divorce in New Jersey. Although not expressly discussed in this Court's decision and order dated November 25, 1996 (*see, Matter of Diane L. v Martin L.,* 233 AD2d 508), that claim was rejected. While it is generally true "that provisions of a pendente lite order do not survive the entry of a judgment of divorce unless expressly preserved in it or reduced to judgment prior to the entry of final judgment" (*Mallamo v Mallamo,* 654 A2d 474, 476, 280 NJ Super 8, 12), the logic of such a policy is that the pendente lite order is subsumed in a final judgment on the matter covered by the order. However, the dual judgment of divorce at issue here was not a final judgment with regard to the child support matter, as the court expressly reserved decision on all financial issues. Thus, the pendente lite child support issue was not subsumed in the dual judgment of divorce. Furthermore, the cases cited in *Mallamo v Mallamo (supra)* for the above proposition all concern pendente lite counsel fees. "Child support is the right of the child and the responsibility of both parents, not a chip won or lost by the custodial parent from the non-custodial parent during divorce" (*Pascale v Pascale,* 140 NJ 583, 593, 660 A2d 485, 489). Public policy precludes the passive extinguishing of one parent's obligation to support his or her child because of the failure of the divorce judgment to mention such support, especially where, as here, the issue is expressly reserved.

Nevertheless, subsequent to the filing of this appeal, the New Jersey court stayed enforcement of all pendente lite orders in the divorce action. Thus, while the underlying support petition here need not be dismissed, any order to enforce the Family Court pendente lite orders here must be held in abeyance pending a lifting of the stay, and therefore the income execution was properly vacated. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.