■ VIRGINIA KITE, Respondent, v CHARLES H. KITE, Appellant. [711 NYS2d 83] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 26, 1999 in Albany County, which granted plaintiff's motion for execution of an order of protection pursuant to CPLR 9002.

In July 1997, plaintiff commenced an action for divorce against defendant and, in conjunction therewith, sought, *inter alia,* a permanent order of protection. A two-day hearing was held before Supreme Court (Harris, J.) in August 1997 and, by amended order entered September 4, 1997, Justice Harris granted plaintiff a permanent order of protection pursuant to Domestic Relations Law § 240 (3) and awarded her certain pendente lite relief. The amended order further provided that

should defendant so choose, Justice Harris would continue the hearing with respect to the motion pendente lite "at a date and time to be arranged". Justice Harris thereafter died.

In June 1998, defendant sought a continuation of the August 1997 hearing. Supreme Court (Teresi, J.) denied defendant's application, finding that defendant's almost 10-month delay in seeking such relief was inordinate and, further, that defendant had failed to demonstrate any change in circumstances since the prior hearing. In so doing, Justice Teresi dismissed as unsubstantiated defendant's assertion that he and other witnesses on his behalf had relevant testimony to provide to the court. It does not appear that defendant appealed Justice Harris or Justice Teresi's respective orders.

The parties thereafter entered into a stipulation of settlement and a final judgment of divorce was entered in October 1998. Subsequent thereto, it was discovered that the September 1997 order of protection executed by Justice Harris was not in the form required by the Family Protection Registry. Accordingly, plaintiff moved pursuant to CPLR 9002 seeking to have an order of protection executed in the required form. Defendant opposed the requested relief, raising a number of arguments addressed to the validity of the original order of protection. Supreme Court (Ceresia, Jr., J.) granted plaintiff's motion, prompting this appeal.

We affirm. The various arguments advanced by defendant do not warrant extended discussion. Contrary to defendant's persistent characterization of the underlying order of protection as temporary in nature, it is apparent from the record that Justice Harris indeed issued a permanent order of protection in favor of plaintiff in September 1997. Thus, while defendant is correct in observing that a pendente lite order does not, as a general rule, survive a final judgment of divorce (*see, e.g., Matter of Diane L. v Martin L.*, 248 AD2d 384, 385; *Summer v Summer*, 233 AD2d 881, *lv dismissed* 89 NY2d 981; *Busa v Busa*, 196 AD2d 267, 270), that rule of law has no application to the matter before us.

As for defendant's assertion that he was denied the opportunity to offer testimony and other evidence on his behalf at the August 1997 hearing before Justice Harris, we only note that this very issue was considered and rejected by Justice Teresi upon defendant's application to reopen the hearing. Having failed to appeal Justice Teresi's order, defendant cannot now be heard to complain.

Finally, with respect to defendant's claim that Justice Ceresia lacked the authority to grant plaintiff the requested relief,

such assertion is squarely refuted by the plain language of CPLR 9002, which provides, in relevant part, as follows: "The death * * * of a judge following his verdict, report, decision or determination of a motion or special proceeding in any matter in a civil judicial proceeding shall not affect its validity. Unless otherwise provided by rule of the chief administrator of the courts, any other judge of the same court may, on the application of a party, give effect to such verdict, report, decision or determination and make and sign an appropriate order or judgment based thereon, which shall have the same effect as if it had been made by the judge upon whose verdict, report, decision or determination it is based." Accordingly, Justice Ceresia properly executed the order of protection in accordance with the provisions of CPLR 9002.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.